ISRAEL GOLDSTEIN *vs.* MICHAEL F. D'ARCY

Suffolk. January 14, 1909. — February 27, 1909.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Contract*, Construction. *Evidence*, Extrinsic affecting writings, Materiality. *Agency*, Commission. *Practice, Civil*, Ordering verdict.

The owner of a building asked a person to procure a tenant for the building and signed an agreement in writing as follows: "All you get above $2,000 per year you may have as your commission." The person thus employed procured a tenant who was accepted by the owner and took a lease of the building for five years at an annual rent of $2,200. *Held*, that the agreement meant that the compensation for procuring a tenant should be the excess over $2,000 a year

during the whole term of the lease and not merely the excess over the amount paid annually, so that the person who procured the lease for five years was entitled to a compensation of $1,000 and not merely of $200.

One, who hastily signs an agreement in writing, in the absence of fraud is bound by its legal meaning although he understood it differently.

In an action against the owner of a building on a special agreement for a stipulated compensation for procuring for the defendant a tenant for the building under a lease for five years at an annual rent of $2,200, if the agreement signed by the defendant and delivered to the plaintiff is, "All you get above $2,000 per year you may have for your commission," the defendant cannot be allowed to show what is the usual commission for such services, nor can he be allowed to show that shortly after the making of the lease the plaintiff effected a sale of the property to the tenant.

Where the liability of a defendant depends entirely upon the construction of a contract in writing and no material fact is in dispute, if the presiding judge adopts an interpretation of the contract which makes the defendant liable for the amount claimed by the plaintiff, it is his duty to order a verdict for the plaintiff in that amount.

CONTRACT for $1,000 on a special agreement in writing signed by the defendant to pay to the plaintiff, as a commission for procuring a responsible tenant for the defendant's building numbered 64 on Endicott Street in Boston under a lease for a term of five years, all that the plaintiff could procure above $2,000 per year. Writ in the Municipal Court of the City of Boston dated March 29, 1907.

On appeal to the Superior Court the case was tried before *Hardy,* J.

The plaintiff testified on direct examination in substance as follows: That he was a liquor dealer in Boston, having a place of business near that of the defendant; that the defendant at the time of the transaction in question was the occupant and owner of a building at 64 Endicott Street, Boston; that some time in October, 1906, the plaintiff and the defendant met on the sidewalk and went into the defendant's private office, where only the plaintiff and the defendant were present; that at that time the following conversation took place: "And he says to me, 'Get me a man to sell the building.' I told him, 'I don't know anybody that wants to buy the building at the present time.' Then he says, 'Then get a man to lease the building.' 'Well,' I says, 'I might get you that.' I says, 'Mr. D'Arcy, what do you want for the building?' He says he wants $2,000. I says, 'Well, Mr. D'Arcy, how much will you give me for it if I will get you a tenant?' 'Not a cent.' 'Not a cent,' he says.

' Well,' I says, ' do you think I am a baby, a fool or what?' ' Well,' he says, ' I will tell you what I will do with you,' he says; ' whatever you get above $2,000 you can have it for yourself.' I says, ' All right, that is business.' I says, ' Will you please give me that in writing?'" That the defendant then wrote on a card, which was introduced in evidence, as follows:

"Oct. 26, 1906.

"All you get above two thousand dollars per year you may have as your commission.

"M. F. D'Arcy."

That the plaintiff then went immediately to a friend of his named Levenson, who he knew was looking for a building to hire, and that Levenson executed a paper or offer, which the plaintiff took back to the defendant and the defendant himself wrote on. The paper was put in evidence and was as follows:

"October 26, 1906.

"The M. F. D'Arcy Sons Co.,
        Boston, Mass.

"Dear Sirs:

"We hereby offer you as rent for the entire building, numbered 64 Endicott Street, the sum of $2200.00 annually, and water rates, said offer to cover the period of five years on a lease, in the usual form beginning from January 1, 1907. The offer to take effect immediately upon your endorsement hereon your acceptance of said offer.

"Respectfully yours,

"L. Levenson."

"All alterations or repairs to be made by L. Levenson Sons.

"M. F. D'Arcy."

That thereafter the defendant and Levenson and Sons executed a lease dated December 31, 1906, of the premises 64 Endicott Street for the term of five years, "yielding and paying the rent or sum of Two thousand two hundred (2200) dollars yearly"; that about two weeks after the Levensons moved into the building the plaintiff sent the defendant a bill for $1,000; and that after that he met him on the street when the defendant "gave him a laying-out."

On cross-examination the plaintiff testified that he knew that the defendant wanted to sell the property but did not know that he wanted to lease it before October 26, 1906, except that he had tried to lease it for himself and had failed to do so. The plaintiff testified that he was not a real estate broker but did deal sometimes in real estate; that if anything handy came to buy, he bought it.

The question then was asked, "Do you know what regular commission a broker would get for effecting a lease of that kind?" Upon objection by the plaintiff's attorney the judge stated that he did not think the evidence was competent and that he would exclude it. The defendant's attorney then stated " I offer it to show and I expect to prove by his answer that the regular commission for obtaining that lease would be very much less than the amount claimed by the plaintiff, that it would be $110." The defendant excepted to the exclusion of this question.

The plaintiff further testified that he never had talked with the Levensons at all about the matter before this time; that he was in the defendant's place half a dozen times that day but did not remember just at what time of day this conversation took place; that the plaintiff then went to the Levensons' and talked with them and got the offer that was put in evidence and took it back to the defendant the same day. He also testified that he knew the property was in the hands of other brokers. The plaintiff then was asked the question, "Did you subsequently effect the sale of it?" Upon objection this question was excluded, and the defendant's attorney stated, " I expect to prove by the witness's answer to this question that he did effect a sale of the property shortly after this to the Levensons or one who acted for them." The defendant excepted to the exclusion of this question.

The plaintiff further testified that at this conversation with the defendant, the defendant said that he wanted either a three or five years' lease; that nothing was said about getting $10,000 for a five years' term, and the only figures that were mentioned were $2,000; that the defendant said that the rent that he wanted to get was $2,000, and told the plaintiff that if he could get a higher figure than $2,000, he could have the difference.

The defendant offered to prove that the regular commission for effecting such a lease as the one in question would be one per cent, amounting to $110. This was excluded by the judge, and the defendant excepted.

There was other testimony of the plaintiff and of the defendant in no way changing the facts stated above.

At the close of the evidence the defendant asked the judge to give the following instructions:

1. Upon all the evidence the plaintiff is not entitled to recover.

2. Upon all the evidence the plaintiff is not entitled to recover more than the sum of $200 and interest from the time of demand thereon.

3. As a matter of law the meaning of the written offer made by the defendant to pay the plaintiff a commission is that the defendant would pay the plaintiff as a commission for effecting a lease of the property in question the difference between $2,000 and the yearly rental of the property according to the lease.

4. The plaintiff is not entitled to recover in any event more than the difference between $2,000 and the first year's rental under said lease, inasmuch as it appears that the defendant never received more than the first year's rental.

The judge refused to give these instructions, and the defendant excepted to the refusal. Thereafter the judge ruled that it was for the court alone to interpret the written contract, and that it was not a mixed question of law and fact. To this ruling the defendant excepted.

The judge then directed the jury as follows: "It seems to me and I rule, that there is no question for the jury to decide as a question of fact. It rests simply upon the interpretation of the contract, which it is the duty of the court to interpret. Therefore, I order a verdict for the plaintiff in the sum of $1,053.33. That means interest from the date of the writ up to the present time, added to $1,000." To this ruling and direction the defendant excepted.

The jury returned the verdict as directed; and the defendant alleged exceptions.

*A. E. Burr*, for the defendant, submitted a brief.

*W. H. H. Emmons*, for the plaintiff.

HAMMOND, J.  The compensation of the plaintiff was fixed by the following writing signed by the defendant and delivered by him to the plaintiff before the latter began his work of procuring a tenant: "All you get above two thousand dollars per year you may have as your commission."  The lease which was finally effected by the plaintiff was for five years at an annual rental of $2,200; and the main question is as to the meaning of the writing above quoted.

It is manifest that the plaintiff was to get nothing unless the annual rent should be over $2,000.  He was to get only the excess above that sum.  But was he to have that excess for one year only, or was he to have it during the life of the lease?  The true interpretation of the contract was a question for the court and not for the jury.  *Globe Works* v. *Wright,* 106 Mass. 207, 216, and cases cited.  It is strongly argued by the defendant that the paper means simply that the plaintiff should get the excess of the annual rental to be named in the lease over the sum of $2,000, and that since the annual rental was $2,200 this excess was only $200; and that the construction urged by the plaintiff would make his compensation greatly in excess of the usual fee for such services, and is therefore unreasonable.

The evidence shows that the writing was hastily made and delivered, and it may be that the defendant intended it to mean only what he now contends it means.  But he wrote it; there was no fraud; and under the circumstances disclosed he must be held bound by its legal meaning, whatever that may be.  We are of opinion that the contract was rightly interpreted by the judge.  At the time the writing was made the period for which the lease should run was not of course fixed, although it is a fair inference that it was considered desirable to have it run from three to five years.  And perhaps the longer lease was more desirable than the shorter.  But however that may be, the writing seems to us to say that the defendant was to be satisfied with $2,000 a year and that the plaintiff might have the excess, and that this excess for the life of the lease should go to the plaintiff.  Any other interpretation is forced and unnatural.

The evidence as to the usual commission for such services was rightly excluded.  The action was upon a special contract and

not upon a *quantum meruit.* The evidence that subsequently the property was sold was also rightly excluded. The meaning of the contract could not be affected by any subsequent action of the defendant with reference to the property. *Fitzpatrick* v. *Gilson,* 176 Mass. 477.

No material fact bearing upon the construction of the contract and essential to the validity of the plaintiff's action being in dispute, the judge rightly ordered a verdict for the plaintiff. *Pratt* v. *Langdon,* 12 Allen, 544.

*Exceptions overruled.*