## SAMUEL FEINS *vs.* MORRIS RALBY & another.

Suffolk.    March 21, 1923. — May 24, 1923.

Present: RUGG, C.J., DECOURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Evidence,* Competency.    *Witness,* Cross-examination.    *Bailment.    Garage.
*Negligence,* Of proprietor of garage.

At the trial of an action of tort for the loss of an automobile alleged to have
been stored by the plaintiff with the defendant, the proprietor of a garage,
whence it was taken by some unknown unauthorized person and not re-
turned to the plaintiff, there was evidence tending to show that, on the
night when it was alleged to have been taken, a night watchman employed
by the defendant had disappeared, and the defendant introduced evidence
tending to show that, when the automobile was last seen, it was outside
the garage in the custody of the plaintiff.    The trial judge, subject to
exceptions by the plaintiff, permitted the following cross-examination of
the plaintiff: " Q. You had that car insured for $2,000 didn't you?   A.
Yes.—Q. And you made a claim against the insurance company for $2,000?
A. Yes.—Q. And collected it?   A. Yes."    In his charge, the judge limited
the use of the testimony " Simply to show the state of mind of the plaintiff."
*Held,* that such cross-examination was manifestly improper and prejudicial
to the plaintiff from any point from which it might be viewed, and that
the exceptions must be sustained.

Where, at the trial of the action above described, the defendant has been
permitted to deny that he had made to a police officer a statement which
the officer, testifying for the plaintiff, had stated that the defendant had
made, it is not error for the judge to refuse to permit the defendant to be
asked on cross-examination whether he knew of any reason why the officer
should " come in here " and say that the defendant had so stated.

At the trial of an action of tort for negligent keeping of an automobile stored
by the plaintiff with the defendant, the proprietor of a garage whence it
was alleged to have been taken by some unknown person through negligence
of the defendant and not returned to the plaintiff, it was proper to refuse
to give the following ruling: " When an automobile is delivered to a public
garage, its duty to exercise due care in keeping and returning the machine
to the owner immediately attaches, and, in case of theft of the machine,
would include reasonable diligence, on the part of the garage company
from whom it was stolen, to recover it."

It was also proper, at the trial above described, to refuse to give the following
ruling: " If the jury find that defendant made no effort, after the disap-
pearance of one of its employees, to ascertain as to whether or not all of
the automobiles stored with it remained on the premises, the jury might
find that it was negligence on the part of said garage keeper in not ascer-
taining said fact."

TORT for loss of an automobile, placed by the plaintiff in the defendants' garage and alleged to have been taken from the garage by some unauthorized person by reason of negligence of the defendants. Writ in the Municipal Court of the City of Boston dated May 10, 1920.

The writ does not appear to have been amended, but the declaration contained two counts, the first in tort and the second in contract. On removal to the Superior Court, the action was tried before *Dubuque*, J. The record states: " Upon inquiry by the court as to the purpose of a distinction between the two counts, the plaintiff's attorney conceded he was not entitled to recover upon either count except for negligence of defendants in respect to keeping the car; and defendants conceded that they were liable on either count if guilty of such negligence."

Material evidence is described in the opinion. The " two remaining exceptions argued in the plaintiff's brief," referred to in the opinion, were as follows:

A police officer, testifying for the plaintiff, had stated that the defendant had said to him " that he had noticed that the employee who had disappeared had always been shy of policemen when near the garage and appeared to act as though he did not want to see a police officer around the garage." The defendant, testifying in his own behalf in chief, denied that he had made such a statement to the officer. The plaintiff's counsel, in cross-examination of the defendant, put the following question: " Do you know of any reason why . . . [the police officer] . . . should come in here and say that you told him that this man had appeared not to want to see any policemen around the garage?" The question was excluded, subject to the plaintiff's exception.

The plaintiff asked, among others, for the following rulings:

" 13. When an automobile is delivered to a public garage its duty to exercise due care in keeping and returning the machine to the owner immediately attaches and in case of theft of the machine would include reasonable diligence on the part of the garage company from whom it was stolen to recover it.

" 14. If the jury find that the defendant made no effort

after the disappearance of one of its employees to ascertain as to whether or not all of the automobiles stored with it remained on the premises, the jury might find that it was negligence on the part of said garage keeper in not ascertaining said fact."

The rulings were refused. Material portions of the charge to the jury are described in the opinion. The jury found for the defendants; and the plaintiff alleged exceptions.

*J. G. Bryer*, for the plaintiff.

*E. Greenhood*, for the defendants.

PIERCE, J. This is an action of tort and contract for the alleged negligence of the defendants in keeping or failing safely to keep an automobile of the plaintiff, placed for storage in the possession of the defendants, whereby the plaintiff lost his car through the act of some unknown person. It was admitted by the defendants that the car was placed in their garage under the customary contract for the storage of such property in such a place.

It appeared in evidence that in April, 1919, the plaintiff placed his car in the defendants' public garage in " live storage; " that said car remained in " live storage " until December of the same year; that in December it was placed in " dead storage," where it remained until the end of March, 1920; that the plaintiff then instructed the defendants to take the car out of " dead storage " and put it in condition for active use.

The plaintiff testified in substance that on April 4, 1920, he went to the garage and located the car, stored in back of three or four others, and it was necessary to climb in between to get into his car; that the motor was started and it was ascertained that the work of putting the car in condition for use had actually been done; that he then left the garage; that on the following Sunday he again went to the garage and discovered upon his arrival that his car was not in its usual place; that he took the matter up with the defendants, and after a thorough search the defendants stated the car must have been stolen from the garage and that they would notify the police authorities of the theft. On cross-examination the plaintiff testified in substance that his daughter had an

operator's license to drive an automobile; that so far as he knew his daughter never took the car out of the defendants' garage; that during the time he stored the car with the defendants, he did not drive the car out of the garage nor into it; that it was his practice to request the defendants, because of the steep incline entering said garage, to put the car into the garage and take it out for him; that the defendants said on April 11, 1920, that on the previous Monday they had returned to the garage in the morning, when it was their practice to open up the same, and had then learned that the night watchman, whom they employed and had left in charge of the garage from 1 A. M. to 7 A. M., had disappeared during the night.

During the cross-examination of the plaintiff, the defendants stated to the trial judge that they did not admit that either the said night watchman or any one other than the plaintiff or some member of his family took said car out of said garage; that, on the contrary, they claimed that on Sunday, April 4, the plaintiff came to the garage to take out said car; that the car was in front of the garage near the door, and not where the plaintiff claimed it then was; that the plaintiff and his son-in-law went into the car at that time, sat on the front seat, started the motor going and that they were in the said car and the motor going when the defendants last saw said car; that the switch-board key of the car was always left in the car by the plaintiff; that the plaintiff lived nearby; that his daughter drove said car and sometimes took the car out of the garage; that while the watchman disappeared sometime during the night of Sunday, April 4, it had been ascertained that nothing had disappeared with him, unless the plaintiff's car did, although the defendants had movable property of considerable value in or about the garage.

The defendants' counsel then stated that the plaintiff at the time had the automobile in question insured for $2,000 and had made a claim for that amount against the insurance company and had collected it; and as bearing upon the probabilities of the case as to whether any one other than the plaintiff or a member of his family had removed the car from

the garage and not returned it, and as bearing upon the genuineness of the plaintiff's claim that he had actually lost the car or that it was lost through the negligence of the defendants, the defendants desired to prove, by cross-examination of the plaintiff, that he had the car so insured, had made a claim against the insurance company for $2,000 and had collected it. Subject to the exceptions of the plaintiff, the presiding judge permitted the following cross-examination: " Q. You had that car insured for $2,000. didn't you? A. Yes.—Q. And you made a claim against the insurance company for $2,000? A. Yes.—Q. And collected it? A.—Yes."

During the charge the judge instructed the jury upon the subject of the insurance paid to the plaintiff as follows: " I have something to say about the matter of insurance. That insurance only comes in here on this question, the only purpose for which the insurance was admitted, was simply to show the state of mind of the plaintiff. It was claimed by the defendant that the plaintiff having insured the car, he, the plaintiff, might be more careless by leaving it somewhere where somebody could take it, or where it might disappear in some way. It was only admitted for that purpose. . . . It bears simply on the question as to the bias of the witness or the interest of the witness whose property might be insured, and it ought not to weigh in the balance in this case otherwise than on that question. Because if a man loses his car and gets the insurance money, that is not the end of it; he cannot sue and recover and get twice the value of his car; he has got to account to the insurance company for the money, for what he gets himself." The plaintiff duly excepted to this part of the charge.

The cross-examination permitted by the judge was manifestly improper, and prejudicial to the plaintiff from any point from which it may be viewed. It was without probative value as evidence " bearing upon the probabilities of the case as to whether any one other than the plaintiff or a member of his family had removed the car from the garage and not returned it; " as evidence that the plaintiff " might be more careless by leaving it somewhere where somebody

could take it, or where it might disappear in some way;" as evidence "bearing upon the genuineness of the plaintiff's claim that he had actually lost the car or that it was lost through alleged negligence of the defendants;" or finally, as evidence of material value that the plaintiff was unreliable and untruthful to any degree by reason of the fact that he had been indemnified in whole or in part for his loss through the payment of the insurance policy. *Anderson* v. *Duckworth,* 162 Mass. 251. *Perkins* v. *Rice,* 187 Mass. 28. *Sibley* v. *Nason,* 196 Mass. 125. *Stevens* v. *Stewart-Warner Speedometer Corp.* 223 Mass. 44. *Dempsey* v. *Goldstein Brothers Amusement Co.* 231 Mass. 461. *Akin* v. *Lee,* 206 N. Y. 20. The exceptions must be sustained.

We find no error in the two remaining exceptions argued in the plaintiff's brief. All the other exceptions taken at the trial are waived.

*Exceptions sustained.*