CHARLES H. AMES *vs.* VINCENZO MADONNA.

Suffolk.　November 12, 1923. — January 4, 1924.

Present: RUGG, C.J., CROSBY, PIERCE, & CARROLL, JJ.

*Negligence,* Motor vehicle, In use of highway, Contributory.

At the trial of an action of tort for personal injuries received when the plaintiff, just after he had stepped from a street car, was run into by an automobile driven by the defendant, there was evidence tending to show the following facts: As the plaintiff stepped from the street car at a white post, which was a regular stopping place, he faced in the direction in which the car was going and immediately was struck in the back by the automobile, that being the first intimation that he had had that the automobile was in the vicinity.　The automobile was high powered.　The defendant had been following the street car for a considerable distance, and, when it stopped, had driven the automobile by its side at a rate of from fourteen to sixteen miles an hour and had struck the plaintiff when he was " probably a foot or two from the car."　*Held,* that

(1) The plaintiff had a right to assume that, if the street car was stopped, no automobile would pass the door of the car within eight feet of the side of the car;

(2) The question of the due care of the plaintiff was for the jury without resort to G. L. c. 231, § 85;

(3) The question of the defendant's negligence was for the jury.

TORT for personal injuries received when the plaintiff was run into from behind by an automobile driven by the defendant.　Writ dated July 13, 1920.

In the Superior Court, the action was tried before *Morton,* J. Material evidence is described in the opinion. At the close of the evidence, the defendant asked that the following instructions be given to the jury:

" 1. The court instructs the jury to return a verdict for the defendant.

" 2. There is no evidence in this case from which the jury may find that the defendant was negligent.

" 3. The evidence in this case shows that the plaintiff was not in the exercise of due care at the time of the accident.

" 4. The plaintiff on leaving the electric car was required by law to look in the direction in which any traffic might come and his failure to do so is negligence on his part.

" 5. If the plaintiff in this case stepped off the electric car with his back toward the traffic, without looking to see if there were any vehicles in the road, then he was not in the exercise of due care and the verdict should be for the defendant.

" 6. If the plaintiff stepped off from the electric car and did not seasonably look, then the defendant [*sic*] was not in the exercise of due care and cannot recover.

" 7. If the plaintiff stepped off the electric car and looked for traffic and did not see a vehicle that was in plain sight, then his failure to see the vehicle was negligence and the plaintiff cannot recover."

The defendant also moved that a verdict be ordered in its favor. The requests were refused and the motion was denied. The jury found for the plaintiff in the sum of $7,500. The defendant alleged exceptions.

The case was submitted on briefs.

*J. T. Zottoli,* for the defendant.

*T. D. Lavelle & W. A. Buie,* for the plaintiff.

PIERCE, J. This is an action of tort for injuries sustained by the plaintiff, at about 6 P.M. on June 26, 1920, as a result of being struck by the defendant's automobile near the tollgate, so called, just beyond the Forest Hills Station of the Boston Elevated Railway.

The evidence warranted a finding that when a surface car upon which the plaintiff had been riding came to a stand-

still at a white post, which was a regular stop, the plaintiff stepped off the car, facing the direction in which the car was going, and was immediately struck in the back and on the back of his right hip and dragged underneath the running board of the automobile; and that the first knowledge the plaintiff had of an automobile being in the vicinity was when he was struck. The evidence warranted the further finding that the defendant had owned the automobile about four or five days; that it was a high powered automobile; that he had not been driving a high powered automobile before; that it was going fourteen or sixteen miles an hour at the time of the accident; that the defendant had been following the car and was "back of the car from away up;" that when the car got within one hundred and fifty or two hundred feet from the place of the accident it was going twenty miles an hour; then it slowed down to about eight or ten miles an hour, and the defendant slowed with the car to about twelve miles an hour; that he drove the automobile by the side of the car while it was stopped at a white post and struck the plaintiff as he came out of the car and while he was "probably a foot or two from the car." There was evidence on behalf of the defendant that the left hand side of the automobile was between eight and ten feet from the right hand side of the car when the plaintiff came out of the moving car, took three steps and went into the front of the left mudguard of the automobile.

The defendant at the close of the testimony moved for a directed verdict, and also made certain requests for instructions to the effect that there is no evidence that the defendant was negligent, and that the plaintiff was not in the exercise of due care. The jury found for the plaintiff; and the defendant saved his exceptions to the refusal to rule and instruct in accordance with his requests.

It is plain that the trial judge properly could not have directed a verdict for the defendant or given any of the requested instructions. Upon the evidence the plaintiff could have been found to have been struck by the automobile as he came forth from the car concurrently with the act of alighting, and before he had passed from the side of the car.

In addition, the plaintiff had the right to assume if the car was stopped that no automobile would pass the door within eight feet of the side of the car. St. 1909, c. 534, § 14. G. L. c. 90, § 14. *Hennessey* v. *Taylor*, 189 Mass. 583, 586. We think the question of the due care of the plaintiff was for the jury, without resort to G. L. c. 231, § 85. The evidence that the defendant followed the car, adjusting the speed of the automobile to that of the car, and passed it, while it was at a standstill at a post where passengers are commonly received and discharged, at a high rate of speed and within eight feet of the side of the car, was sufficient evidence with the other facts of circumstance to justify the action of the judge in refusing to give the requested instructions, and in submitting the question of the defendant's negligence to the jury. *Hartnett* v. *Tripp*, 231 Mass. 382, 384. Compare, also, *McGourty* v. *DeMarco*, 200 Mass. 57; *Foster* v. *Curtis*, 213 Mass. 79.

It follows that the entry must be,

*Exceptions overruled.*