SARAH G. BRAUN *vs.* HENRY C. BELL.

Suffolk.    November 13, 1923. — January 11, 1924.

Present: RUGG, C.J., CROSBY, PIERCE, & CARROLL, JJ.

*Negligence*, Motor vehicle, In use of highway.    *Evidence*, Competency, Relevancy.    *Husband and Wife*.    *Damages*, In tort.    *Practice, Civil*, Exceptions.    *Witness*, Credibility.

At the trial of an action for personal injuries received by a woman when she was run into by an automobile driven by an employee of the defendant on a public highway, there was evidence tending to show that the collision occurred at about five o'clock in the morning of January 2, when the plaintiff was on her way to her place of business; that there were lights on the street at the point of the collision and no vehicles except the defendant's; that she left the curbstone on the public way at a time when an electric street car, which she was intending to enter, was nearly three car lengths away, and, after crossing a portion of the highway, was standing about two feet from the car rail at the place where the car was to stop; that the street car was about one length from her when the automobile of the defendant came from the rear of the street car, passing on its right as the automobile was facing, going at the rate of about twenty-five miles an hour, and struck her.    *Held*, that the questions of the due care of the plaintiff and of negligence of the defendant's employee were for the jury.

At the trial of the action above described, it appeared that the plaintiff was married within a month after her injuries were received and herself paid

a certain sum of money to physicians. The declaration did not allege that she suffered any special damages because of expenses so paid. *Held,* that

(1) While a husband is presumed to be liable for medical services rendered to his wife, and one inflicting on her an injury which requires such medical service is liable to him for expenses so entailed, a wife may bind her own estate to pay for such service and, when such facts are properly pleaded in an action by her against the wrongdoer, she may recover therein for expenses so entailed;

(2) While, if the defendant had called the attention of the trial judge to the fact that the plaintiff had failed to allege special damages in her declaration, the admission of evidence as to such special damages thereafter would have been error and exceptions by the defendant thereto would have been sustained, the failure of the defendant so to direct the attention of the judge made it necessary to overrule the exceptions.

At the trial of an action against the owner of an automobile for personal injuries alleged to have been due to the negligence of the employee who was driving the car, it is improper to admit evidence, offered to discredit the employee as a witness for the defendant, which showed merely that the employee had been summoned into court, charged with the commission of a crime and acquitted, and that the defendant was one of his witnesses but was not "instrumental in having lenient disposition of the matter made for " him; and an exception to the admission of such evidence must be sustained.

At the trial of an action against the owner of an automobile for personal injuries resulting from negligence of an employee of the defendant driving the car, an attorney for the plaintiff testified as to a conversation between him and the defendant, in the course of which the defendant had stated facts tending to show that the driver of the automobile had authority from him. The defendant gave testimony as to the same conversation which tended to show that the attorney had admitted in the conversation that the defendant was not liable for the injury, and that the defendant did not admit that the driver had authority from him. On cross-examination, the defendant, against his exception, was asked if he told the plaintiff's attorney that he was insured, and answered that he did; he then further was asked as to his interviews and negotiations with representatives of the insurance company with reference to his defence of the action. The plaintiff's attorney then was recalled and permitted to testify, subject to the defendant's exception, as to further conversations which he had had with the defendant as to his negotiations with the insurance company. The trial judge instructed the jury that the evidence relating to the insurance was admissible solely on the question of the defendant's credibility. The defendant excepted. *Held,* that the evidence relating to insurance carried by the defendant, his conduct and conversation with representatives of the insurance company, and the testimony of the plaintiff's attorney when recalled were inadmissible for the purpose to which they were limited by the judge and were highly prejudicial to the defendant; and that the exceptions must be sustained.

TORT for personal injuries received when the plaintiff was run into by an automobile driven by an employee of

the defendant on Brookline Avenue in the town of Brookline on January 2, 1921.  Writ dated March 7, 1921.

In the Superior Court, the action was tried before *Raymond, J.*  Material evidence is described in the opinion. At the close of the evidence, the defendant asked for the following rulings:

" 1. Upon all the evidence the plaintiff is not entitled to recover."

" 5. Notwithstanding the oral testimony to the effect that the plaintiff looked for the automobile in the direction from which it came, the fact of the accident demonstrates that it was within the plain field of vision of a person standing on the sidewalk opposite the point of accident for some time before the electric car reached that point, and if you find that the plaintiff was then standing in the street near the car track waiting for an electric car, it is evidence of negligence of the plaintiff and your verdict should be for the defendant.

" 6. The driver of an automobile at 4 or 5 A.M. on Sunday morning in January, going at a reasonable speed, is not bound to anticipate that a person will be standing in the street a few feet from the street car tracks, and if after becoming aware of the person he uses every means to stop his automobile, the driver is not negligent."

" 8. A street car is not a vehicle within the meaning of the law concerning the use and operation of vehicles on the highway.  The driver of an automobile has the right to pass to the right of an electric car on the rails."

The rulings were refused.  Material portions of the charge and exceptions by the defendant thereto are described in the opinion.

There was a verdict for the plaintiff in the sum of $4,300. The defendant alleged exceptions.

*J. F. Cavanagh,* for the defendant.

*F. R. Mullin,* (*P. F. Spain* with him,) for the plaintiff.

CARROLL, J.  The plaintiff while standing on a public highway in Boston, near the inbound car rail, waiting for an electric car, was struck and injured by an automobile of the defendant.  The accident happened about five o'clock on the morning of January 2, 1921.  The plaintiff testified

that she was on her way to her place of business; that when she left the curbstone, the electric car she was about to enter was nearly three car lengths away; that after crossing a portion of the highway she stood about two feet from the car rail " opposite the stop; " that when the electric car was about one length from her the defendant's automobile came from the rear of the car, passing to the right, at the rate of twenty-five miles an hour, and struck her. The conductor of the electric car testified that the automobile was following the car on the inbound track; that it swerved to the right and passed him at the rate of twenty-five miles an hour; and that he heard no signal from the automobile.

The plaintiff's due care was for the jury to decide on all the evidence. When she crossed the street she looked " up and down Harvard Street." There were lights on the street, one at each side of the stopping place; " there were no vehicles on the street; " and as she was waiting for the car the automobile suddenly turned from the rear of the electric car, and, moving at the rate of twenty-five miles an hour, struck her. She stated that " the lights blinded me so I couldn't do anything," referring to the lights on the automobile. The driver of the automobile could have seen the plaintiff, and by the use of proper caution avoided her. His negligence was properly submitted to the jury. See *McGourty* v. *DeMarco*, 200 Mass. 57; *Foster* v. *Curtis*, 213 Mass. 79; *Ames* v. *Madonna*, 247 Mass. 270, 273. There was evidence of the defendant's admissions tending to show that the operator of the automobile was his agent, and engaged in his business.

The plaintiff was married January 26, 1921. She was allowed to introduce evidence, subject to the exception of the defendant, that she had paid to doctors and to an osteopath the sum of $94. For medical services rendered to the plaintiff after marriage the husband was presumed to be liable, and for the expense the wrongdoer was liable to him, *Driscoll* v. *Gaffey*, 207 Mass. 102, 108, but the wife may bind her own estate to pay for medical services rendered her, and when properly pleaded she may recover for this expense in an action for personal injuries. See *Baldwin* v. *Western*

*Railroad,* 4 Gray, 333; *Charron* v. *Day,* 228 Mass. 305; *Sherry* v. *Littlefield,* 232 Mass. 220. It does not appear that the plaintiff in her declaration alleged that she suffered any special damages because of these expenses. If this fact had been called to the attention of the judge it would have been error to admit the evidence; but the defendant, in order to rely on this exception to the evidence because inadmissible under the declaration, should have called the judge's attention specifically to the state of the pleadings; otherwise he could not be heard afterwards in support of an exception on this ground. *Noyes* v. *Caldwell,* 216 Mass. 525, 527.

An employee of the defendant, a witness called by him on cross-examination, testified that after the accident he had taken an automobile from the defendant's garage, " as a result of which there was some trouble." The witness was then asked, against the defendant's exception, if he was arrested because of this. He answered " No." He admitted, however, that he had been summoned to court, and was acquitted of the charge; that the defendant was one of his witnesses, but was not " instrumental in having lenient disposition of the matter made for . . . [him]." The witness could not be discredited by asking him if he was charged with the commission of a crime and acquitted. See *Commonwealth* v. *Homer,* 235 Mass. 526. The plaintiff contends that this evidence was admissible to show that the witness was biased in the defendant's favor because of the assistance given him by the defendant at the time he was on trial for the offence. This contention is fundamentally unsound. The evidence was not admissible and was harmful to the defendant. This exception is sustained.

Francis J. Murray, an attorney for the plaintiff, testified that the defendant called at his office. In relating the conversation between them the witness was instructed to omit certain parts of the conversation. He testified that the defendant said he was the owner of the automobile, that Pollock, who was driving the car when the plaintiff was injured, was directed by Johnson, the manager of the defendant's garage, to carry a passenger to a lunch room;

that Johnson had authority to engage Pollock for this purpose. The defendant testified that in the conversation with Murray he admitted that the automobile involved in the accident belonged to him, and " I told him that she [the plaintiff] had an attorney; that . . . he had taken the testimony of the two men that were in the car, . . . he told me that there was not any case against me, that he did have a case against these two men who were in the car." The defendant denied that he had any talk with, Murray concerning Pollock or Johnson, and denied that he told Murray that Johnson had any authority to hire employees.

On cross-examination, the defendant was asked, against the defendant's exception, if he told Murray he was insured. He answered that he did. The plaintiff was then allowed to ask the defendant if he called on the insurance company, talked with the agent of the insurance company, told him of the accident and made a report to him. He was further interrogated concerning his dealings with the insurance company and its supplying counsel for his defence. Murray was then recalled and testified, subject to the defendant's exception, that the defendant said to him that the insurance company denied liability, but had offered to furnish counsel to defend the case " at my expense; " that the defendant asked the witness if he thought that was fair, and the witness replied in substance, that if you have " paid $750 for insurance, and the insurance company now refuses to take care of you, that is a matter for you to protect yourself against." The judge instructed the jury that the evidence relating to insurance was admissible solely on the question of the defendant's credibility.

In our opinion this evidence relating to the insurance carried by the defendant, his conduct and conversation with the insurance agent, as well as the testimony of Murray when recalled, and his statement, " it is up to you to take care of your rights against the insurance company," were inadmissible and highly prejudicial to the defendant. We fail to see in what way it affected the credibility of the defendant. He admitted he owned the automobile; and Murray testified on direct examination, without exception, that the defendant

admitted that Johnson had authority to hire Pollock to drive the automobile and that he was doing this when the accident took place. This aspect of the case is governed by *Feins* v. *Ralby*, 245 Mass. 228. The evidence was inadmissible and the exceptions thereto must be sustained.

There was no error in refusing the defendant's motion for a directed verdict, or in refusing the defendant's requests.

*Exceptions sustained.*