## W. H. BALLARD COMPANY *vs.* ABRAM LIPP.

Suffolk.    October 4, 1934. — October 23, 1934.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & DONAHUE, JJ.

*Contract,* What constitutes.    *Evidence,* Relevancy and materiality.
   *Practice, Civil,* Argument of counsel.

At the trial of an action upon an express contract by the defendant to
   pay the plaintiff a specified sum for an appraisal of certain real estate
   in Boston, there was evidence that, after an interview, in which an
   oral contract was made between the parties, the plaintiff wrote to the
   defendant a letter, stating the contract and containing the following:
   "Our charge for such a complete appraisal would be computed at the
   rates established by the Boston Real Estate Exchange and . . .
   would be payable on the delivery of the appraisal." It appeared
   that at that time the Exchange had no established rate for appraisals
   by individual members for their customers, but did have a rate for
   an appraisal by the Exchange made for it by a committee of its mem-
   bers. The defendant contended that, as there was no Exchange rate
   for appraisals by individual members, there was no meeting of the
   minds of the plaintiff and the defendant and therefore no valid con-
   tract between the parties. *Held,* that
       (1) The evidence warranted a finding that a valid contract was
   entered into by the parties;
       (2) It was proper to admit evidence of the schedule of rates which
   had been established by the Boston Real Estate Exchange for an
   appraisal by it made for it by its appraisal committee;
       (3) It was proper to exclude evidence as to how the fee charged
   by the Exchange was divided between the Exchange and the members
   of the committee;
       (4) It was proper to exclude evidence offered by the defendant
   respecting an offer alleged to have been made by the plaintiff to the
   defendant in a different transaction for the sale of land adjoining that
   of the defendant;
       (5) The action being upon an express contract, it was proper to
   exclude evidence as to the value of the plaintiff's services;
       (6) It was proper to refuse to allow counsel for the defendant to
   argue to the jury that if they found for the defendant in this action
   the plaintiff still had a right to bring another action on a *quantum
   meruit.*

CONTRACT.    Writ in the Municipal Court of the City of
Boston dated May 5, 1931.

On removal to the Superior Court, the action was tried before *Goldberg*, J. Material evidence is described in the opinion. There was a verdict for the plaintiff in the sum of $3,748.89. The defendant alleged exceptions.

*C. W. Dealtry*, for the defendant.

*S. R. Wrightington*, for the plaintiff.

CROSBY, J. This is an action brought on an express contract to recover the price of an appraisal of real estate in Boston, together with interest thereon from August 14, 1930. The most important question is whether the parties had expressly agreed to a rate of commission to be paid as established by a real estate exchange.

The declaration was in four counts, all for the same cause of action. At the commencement of the trial the plaintiff discontinued as to counts 2, 3 and 4. The action was tried upon the first count which recited in substance that the plaintiff is a Massachusetts corporation having a usual place of business in Boston and engaged in the business of realtors, building managers and rental managers; that on or about August 9, 1930, the defendant employed the plaintiff to make an appraisal of the premises numbered 40 State Street in the city of Boston, and to appraise and estimate the gross income, operating expense and net return which might be expected from the building to be erected on the premises, said building being similar to one described in plans of certain named architects; that the defendant agreed to pay the plaintiff therefor $3,288.50; that the plaintiff fully and punctually performed the services as agreed; that the defendant has failed and refused to pay the plaintiff said sum, which he owes the plaintiff together with interest thereon from August 14, 1930.

There was evidence that the defendant was the owner of the lot of land numbered 40 State Street in Boston; that part of the premises had been taken by the city for a street improvement which resulted in the destruction of the building; that the defendant, at the time the alleged contract with the plaintiff was made, was negotiating for a loan for the construction of a new building on the lot, and obtained from the plaintiff an appraisal of the land and

proposed building. There was further evidence that the plaintiff was employed by a representative of the defendant, and the defendant knew that the plaintiff was so employed and ratified the employment; that the plaintiff made the appraisal and delivered copies of it to the defendant or his representative. The plaintiff's president testified to an interview with the defendant when an oral contract was made which was afterwards contained in a letter he sent to the defendant, and which recited what the price for the appraisal was to be. It was admitted by the defendant that this letter was found by him in his letter file after the appraisal was completed. The letter, in part, was as follows: "Our charge for such a complete appraisal would be computed at the rates established by the Boston Real Estate Exchange and if the valuation arrived at happened to be $3,500,000. our charge for this appraisal would be $3550. which would be payable on the delivery of the appraisal." On August 9, 1930, the date that the letter was sent by the plaintiff to the defendant, the Boston Real Estate Exchange had no established rate for appraisals by individual members for their customers, but it did have a rate for an appraisal by the Exchange made for it by a committee of its members. This rate was two tenths of one per cent for the first $50,000, and one tenth of one per cent for the excess of $50,000.

It is the contention of the defendant that, as there was no Boston Real Estate Exchange rate for appraisals by individual members, there was no meeting of the minds and therefore no valid contract between the parties. The contract embodied in the letter from the plaintiff to the defendant provided that the appraisal "would be computed at the rates established by the Boston Real Estate Exchange." The contract did not relate to a rate of the exchange for individual appraisals by its members, but refers only to rates of the exchange for its own appraisals. The evidence warranted a finding that a valid contract was entered into by the parties. The defendant's exception to the refusal of the judge to direct a verdict in his favor is overruled.

The exception of the defendant to the admission of evidence of the schedule of rates that had been established by the Boston Real Estate Exchange for an appraisal by its appraisal committee cannot be sustained; it was a necessary part of the plaintiff's case.

The defendant's exceptions to the exclusion of evidence as to how the fee charged by the exchange was divided between the exchange and the members of the committee are without merit. The evidence sought to be introduced was immaterial to any issue involved.

The evidence offered by the defendant respecting an offer alleged to have been made by Ballard to the defendant in a different transaction for the sale of land adjoining that of the defendant was rightly excluded.

The exclusion of evidence as to the value of the plaintiff's services shows no error, and the exceptions thereto cannot be sustained. As the action is brought on a special contract where the compensation for services is stated, evidence as to the value of such services is not material. *Goldstein* v. *D'Arcy*, 201 Mass. 312, 317, 318. *Noble* v. *Mead-Morrison Manuf. Co.* 237 Mass. 5, 26. It was not error to exclude evidence of the appraisal by the witness Bean. It does not appear for what purpose it was offered; besides there was nothing to show that he was qualified to testify as an expert.

The defendant saved many exceptions to the exclusion of questions asked by his counsel. They all have been considered, and without referring to them in detail it is sufficient to say that they fail to show any error.

The defendant excepted to the refusal of the judge to give certain requests. Those that have not been expressly waived have been examined; so far as not covered by the instructions they were rightly refused. So far as they relate only to a part of the evidence they properly were denied. *Guinan* v. *Famous Players-Lasky Corp.* 267 Mass. 501, 520.

The judge rightly refused to allow counsel for the defendant to argue to the jury that if they found for the defendant in this action the plaintiff still had a right to bring another suit on a *quantum meruit.* He correctly ruled that such an

argument would be improper. *Feins* v. *Ralby*, 245 Mass. 228, 232, 233.

The case was submitted to the jury upon full and correct instructions. The record fails to show any error in the conduct of the trial.

*Exceptions overruled.*