*Southern District*

## ARTHUR GOULART and MURIEL VERA
## v.
## JOSEPH LIMA

*Welch, J.* These actions of tort were tried together. The Goulart case (4043) is an action to recover for *property damage to the plaintiff's automobile*, because of the negligence of the defendant. The Vera case (3883) is an action to recover for personal injuries alleged to be caused by the defendant's negligence and nonresponsibility.

All the parties live in New Bedford. The defendant works for the City of New Bedford at the garbage plant where garbage and refuse are disposed of. It is located on land owned and controlled by the City and lies west of Shawmut Avenue which runs north and south. There is a road (not a public way) leading west from Shawmut Avenue to the plant. The plant has two stories. Loaded trucks are driven

up a ramp to the second story where the contents are dumped and burned in the furnaces below. By early afternoon the plant sometimes cannot fully handle the refuse, and some of the loaded trucks are parked outside of the plant for a short time and then driven in and dumped. On the day in question the plaintiff Goulart was employed at the plant. His hours were from 7 A.M. to 3 P.M. He had been paid by check which he placed in his private locker in the building. At 3 P.M. he left the premises and drove to another factory where he picked up his fiancee, the plaintiff Vera. Then he remembered that he had forgotten his pay check and drove back to the plant to get it, taking the plaintiff Vera with him. She sat on the right side of his car.

As they neared the plant Goulart saw some loaded trucks parked on the north side of the way waiting to be driven inside and dumped. A truck which had been dumped had been driven out and parked on the grass west of the parked trucks and headed north. The rear wheels were about three feet off the roadway. Goulart was driving west at the rate of ten to fifteen miles an hour. When his automobile arrived at a point in back of the empty truck the defendant in the discharge of his duties backed the same out into the roadway and the rear end of the truck came in contact with the right side of Goulart's automobile causing property damage to Goulart's automobile and personal injury to the plaintiff Vera.

Neither driver saw the other until the time of impact. There were trees on the side or the roadway and the parked trucks obstructed their view. The defendant did not look back and could not see the roadway to the east by reason of the parked trucks and did not know there was anyone on the road.

The trial judge found on all the evidence and the law that "the defendant at the time was in the discharge of his duties; that he was not guilty of gross and wilful misconduct; that the privileges and immunities of the employer as the owner or occupier of the land where the accident took place were not personal and enured to the benefit of the defendant,

and that the defendant is entitled to the same immunities as his principal and employer would have had under the same circumstances. See Restatement of the Law-Agency Vol. 2, ss 345-347 and supplement."

Each party seasonably filed requests for rulings. The trial judge found for the defendant. The plaintiffs claim to be aggrieved by the Court's refusal to give some of their requests.

The plaintiffs' requests were, in substance, that they were entitled to prevail upon a theory of ordinary negligence, they being free from contributory negligence. The defendant's requests were that he was entitled to prevail on the theory that the plaintiffs were trespassers, or at best, licensees to whom no greater duty was owed than that refraining from wanton, wilful and reckless misconduct.

The plaintiff Goulart had finished his tour of duty and was returning to the plant on his own business. There was no evidence that his employer had given him permission to return for such purpose or that he had done it before with the knowledge and consent of his employer. On the facts as found by the Court and set out in the report, the court was not in error in finding that *Goulart was a licensee. The plaintiff Vera was clearly a licensee. She accompanied Goulart and had no business connection with the defendant or the city.*

We then come to the question of whether the plaintiffs must prove ordinary negligence or wanton, wilful and reckless misconduct.

In Santa Maria v. Trotto, 247 Mass. 442, where action was brought against both employer and employee for injuries received by the plaintiff by reason of a motor vehicle driven by the employee striking a platform on which the plaintiff was standing, the court at page 446 said:

"Such rights as the plaintiff had arose from his status while on the defendant's premises. The judge found that the plaintiff at the time of the accident was a licensee."

"The evidence, to say the least, did not warrant the conclusion that he had any greater rights than those of a mere

licensee. The judge ruled that the duty owed by the defendant to the plaintiff as licensee was to refrain from wilful, wanton or reckless misconduct, and that there was no evidence that the defendants were guilty of such misconduct."

Restatement of Torts-c. 13, s. 383 states the law as follows:

One who does an act or carries on an activity upon land on behalf of the possessor thereof, is subject to the same liabilty, and enjoys the same immunity from liability for bodily harm caused thereby to others within and outside the land as though he were the possessor of the land."

The city as the landowner would not be liable for mere negligence to a licensee. Gravelle v. N.Y. N. H. & H.R.R. Co., 282 Mass. 262. The only duty owed to a licensee is to refrain from any wilful, wanton, or reckless conduct likely to injure him. Prondeca v. Turner Falls Power & Electric Co., 238 Mass. 239. As an employee working on land owned by the city, the defendant is not liable for ordinary negligence.

There was no error in the manner in which the Court dealt with the requests for rulings or his findings in favor of the defendant.

The report is dismissed.