FANNIE B. HOWARD *vs.* CENTRAL AMUSEMENT COMPANY
& another.

W. FRANK HOWARD *vs.* SAME.

Essex.   March 28, 1916. — May 25, 1916.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, & PIERCE, JJ.

*Negligence,* Of one controlling real estate.  *Nuisance.  Practice, Civil,* Exceptions. *Pleading, Civil,* Declaration.  *Joint Tortfeasors.*

One, who places and maintains a stucco ornament negligently constructed and of improper materials on the front of a building belonging to him so that it projects over a public sidewalk and constitutes a continuing nuisance dangerous to persons using the way, does not escape liability for injuries caused by pieces of the stucco breaking off and falling on persons passing below by letting the building to another and taking no precaution to guard against the danger or to provide that the tenant should do so.

Where the owner and the tenant of a building were sued jointly for personal injuries caused by negligence in the construction and maintenance of the building, and at the trial of the action the jury, on evidence amply warranting such findings, returned a verdict for the defendant tenant and for the plaintiff against the defendant owner, an exception of the owner to a refusal of the presiding judge to rule that the plaintiff could not recover on the allegations of joint liability in the declaration must be overruled; because, even if the ruling should have been given, its refusal gave the defendant owner no ground for complaint, as by the verdict of the jury the defendant tenant was out of the case and there was nothing to prevent the entering of judgment for the plaintiff against the defendant owner, which would operate as a discontinuance against the defendant tenant and effect his discharge from liability.

TWO ACTIONS OF TORT, the first for personal injuries sustained on April 16, 1913, in front of the theatre building on Union Street in Lynn constructed and owned by the defendant Central Amusement Company and occupied as a tenant by the defendant Central

Amusement Operating Company, by reason of the falling upon the plaintiff of pieces of stucco defectively and negligently placed on the front of the building; and the second action by the husband of the plaintiff in the first action for expenses incurred by reason of the injuries to that plaintiff. Writs dated July 3, 1913.

In the Superior Court the cases were tried together before *Quinn,* J. The material evidence is described in the opinion. At the close of the evidence the defendant Central Amusement Company asked in each of the cases for certain rulings, among which were the following:

"1.   Upon all the evidence the plaintiff cannot recover in the above action.

"2.   Upon the allegations in the plaintiff's declaration the plaintiff cannot recover in this action.

"3.   Upon the evidence in the case the defendant was not negligent.

"4.   If the jury find that the piece of stucco actually fell as alleged, the cause of its falling, upon the evidence, is conjectural and is as consistent with due care on the part of the defendant as with lack of due care."

"6.   If the fall of the piece of stucco was caused by the lack of proper securing of the concrete ornaments on the wall and the defendant had no notice of this, but had entrusted the work to a competent contractor, the defendant is not liable for the stucco work falling."

"9.   The evidence introduced in the case does not sustain the allegations in the declaration."

The judge refused to make these rulings, and submitted the cases to the jury, who returned a verdict in each case for the defendant Central Amusement Operating Company and a verdict in each case for the plaintiff against the defendant Central Amusement Company. That defendant alleged exceptions, including some which have become immaterial.

*J. T. Connolly, D. E. Hall & M. J. Mulkern,* for the Central Amusement Company, submitted a brief.

*F. E. Shaw,* (*G. F. Hogan* with him,) for the plaintiffs.

DE COURCY, J. The plaintiff Fannie B. Howard, (hereinafter called the plaintiff,) while walking on the sidewalk of Union Street in Lynn, was struck by a piece of concrete or stucco which broke

from one of the ornaments on the front of the defendant's building. The jury returned a verdict in favor of the tenant, the Central Amusement Operating Company, and against this defendant, the owner of the property.

1.   The stucco ornament from which the piece broke and fell was about three feet wide and three and a half feet long, weighing four or five hundred pounds.   There was evidence for the jury that in its composition improper materials had been used which would disintegrate and crumble when subjected to the influence of the weather and to the vibration caused by passing trains; that the ornament was so constructed that water could get between it and the bricks and there form ice, tending to throw it off from the main building; and that it was not securely joined to the main structure by being built into the bricks or otherwise attached or supported.   It could be found that the directors of the defendant, who supervised the construction of the building, not only ought to have anticipated the possibility of danger in this part of the permanent structure, but that their employee, King, who had charge of the work, expressly warned them that the cement which they substituted for white cement mortar, would not stand and that the stucco work was not being properly attached to the brick front.   In short there was evidence for the jury that this ornamentation constituted a menace and danger to pedestrians on Union Street at the time the defendant let the building to the other corporation (the officers of which apparently were the same as those of the defendant), and that it took no precaution to guard against such danger, or to provide that the tenant should do so.   Such a permanent condition of the premises constituted a continuing nuisance, dangerous to persons using the public way; and the letting of the premises did not relieve the defendant from liability for injuries suffered therefrom, due to its authorized and contemplated use. *Dalay* v. *Savage*, 145 Mass. 38.   *Maloney* v. *Hayes*, 206 Mass. 1.

2.   The foregoing disposes of the defendant's requests numbered 1, 3, 4 and 6.   The others, with the exceptions of the second and ninth, were given in substance or sufficiently covered by the charge.

3.   Requests two and nine raise a question of pleading.   The plaintiff, instead of bringing separate actions against the landlord and the tenant, joined them in a single writ and declared upon negligence in the construction and the maintenance of the building.

Presumably, both could not be held in the absence of joint negligence. *Harriott* v. *Plimpton*, 166 Mass. 585. *Hunt* v. *New York, New Haven, & Hartford Railroad*, 212 Mass. 102. By the verdict of the jury, however, the tenant is out of the case. A verdict rendered by the jury as the result of deliberation is as effectual in this regard as one rendered by direction of the court. *Warren* v. *Boston & Maine Railroad*, 163 Mass. 484. As appears from what has been said, there was ample evidence of the liability of the present defendant. If it be assumed that the second and ninth requests should have been given, that affords the present defendant no ground for complaint. Nothing stands in the way of entering judgment in favor of the plaintiff against the present defendant. Where two or more are sued jointly and the action is not discontinued against any, "taking judgment against one not only operates as a discontinuance, but constitutes a bar to obtaining judgment against the others." *Cameron* v. *Kanrich*, 201 Mass. 451, 452. There is nothing in *Contakis* v. *Flavio*, 221 Mass. 259, inconsistent with this conclusion. The technical difficulty about the entirety of a joint judgment has no application to proceedings before judgment. *Munroe* v. *Carlisle*, 176 Mass. 199, 201. It is not necessary to consider whether St. 1913, c. 716, is pertinent. The defendant has suffered no harm. *Smith* v. *Commonwealth*, 210 Mass. 259, 262.

4. There were exceptions to portions of the judge's charge, and to the admission of evidence. It would serve no useful purpose to discuss these in detail, — we have considered them and discover no reversible error.

*Exceptions overruled.*