FLORA L. KENYON *vs.* LOUIS VOGEL.

NELSON A. DIMICK *vs.* SAME.

Norfolk.     October 20, 1924. — November 26, 1924.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & SANDERSON, JJ.

*Agency*, Existence of relation. *Evidence*, Of agency, Admission by conduct. *Practice, Civil*, Exceptions. *Husband and Wife. Damages*, In tort: medical attendance to wife.

At the trial of an action for personal injuries resulting from a collision between an automobile in which the plaintiff was riding and an automobile owned by the defendant and alleged to have been driven by his employee, there was evidence tending to show that the driver of the defendant's car was under the influence of intoxicating liquor and was driving at an excessive speed. Subject to exception by the defendant, the judge admitted evidence tending to show that, while the driver was in a police station after the accident and when he was not under arrest, the chief of police in the presence of the defendant asked him for whom he worked, and the driver replied that on that day he was working for the defendant; that during the conversation the defendant not only remained silent but, when asked "why he did not drive his own car," answered, "that he had to have" the driver "because his car went too fast." *Held*, that the evidence properly was admitted.

In view of the evidence above described, it was proper for the judge to refuse to instruct the jury that there could be no inference drawn by them against the defendant because of the testimony that the defendant said nothing after the driver stated in the presence of the chief of police that he was employed by the defendant.

A party to an action cannot for the first time at the hearing of exceptions in this court contend that erroneous instructions were given to the jury

on the question of liability because there was no recognition of the doctrine of proximate cause, if he took no exception to the instructions given and did not call the attention of the trial judge to the alleged omission.

While a married woman living with her husband can bind herself personally for the payment of hospital expenses and for medical attendance necessary for the treatment of her physical sufferings caused by a collision with an automobile negligently driven, if at the trial of an action of tort to recover for such injuries there is no evidence that a certain bill for medical services was contracted by her individually, she should not be allowed to recover the amount of such bill.

Two ACTIONS OF TORT, the first for personal injuries received while riding in an automobile, owned and operated by the plaintiff in the second action, when it came into collision with a second automobile owned by the defendant and alleged to have been driven by his employee. The second action was for damages to the first automobile. Writs dated December 17, 1920.

In the Superior Court, the actions were tried together before *Flynn*, J. Material evidence is described in the opinion. The defendant asked for the following rulings:

"2. On the evidence if the jury find that Dimick was negligent his negligence is imputed to [the plaintiff] Mrs. Kenyon."

"6. There can be no inference drawn by the jury against this defendant because of the testimony that the defendant said nothing after Huskins stated in the presence of Vogel that he was employed by the latter.

"7. On the evidence the plaintiff [Mrs. Kenyon] is not entitled to recover in this action for the amount of the hospital bill.

"8. On the evidence the plaintiff [Mrs. Kenyon] is not entitled to recover in this action for the amount of Dr. Hartwell's bill.

"9. On the evidence the plaintiff [Mrs. Kenyon] is not entitled to recover in this action for the amount of the nurse's bill.

"10. On the evidence the plaintiff [Mrs. Kenyon] is not entitled to recover in this action the amount of Dr. Brennan's bill."

The requests were refused. In the first action, the jury found: "The jury find for the plaintiff and assess damages for her pain and suffering and impaired capacity to labor in the sum of $7,812, and for medical care and attention in the further sum of $722, a total sum of $8,534." In the second action the finding was for the plaintiff in the sum of $400. The defendant alleged exceptions.

*W. P. Murray,* for the defendant.

*F. J. Squires,* for the plaintiffs.

BRALEY, J. These are actions of tort in which the plaintiff in the first action recovered damages for personal injuries, and the plaintiff in the second action recovered damages for injuries to his automobile. The plaintiff Dimick on Sunday, May 16, 1920, was driving his own automobile on a public way in the town of Norwood, in which the plaintiff Kenyon was also riding at his invitation, when it came in contact with the automobile of the defendant, in which he was riding, driven by one Huskins, who was not specially licensed. G. L. c. 90, § 12. The record states, that both cars were going in the same direction, and that the right hand front portion of the defendant's car came into collision with the left hand rear portion of the plaintiff's car, causing the injuries alleged. But no further description appears.

The defendant, while admitting there was evidence warranting the jury in finding that the plaintiff's car was properly operated and that the defendant's car was driven at excessive speed by Huskins who was under the influence of intoxicating liquor, contends, that evidence tending to show that Huskins was the defendant's servant was improperly admitted. After the accident the defendant and Huskins went to the Norwood police station where the chief of police in presence of the defendant asked Huskins for whom he worked, and Huskins replied, that on that Sunday he was working for the defendant. During the colloquy the defendant not only remained silent, but, when asked " why he did not drive his own car," answered, " that he had to have Huskins because his car went too fast." The defendant was not under arrest for violating G. L. c. 90, §§ 12, 17, relating to obligations of owners of automobiles in the employ-

ment of chauffeurs, or in the limitations of speed. And, even if contradicted by the defendant, this evidence was plainly admissible for reasons stated in *Warner* v. *Fuller*, 245 Mass. 520, where the authorities are collected. See also *Commonwealth* v. *Spiropoulos*, 208 Mass. 71, 74; *Commonwealth* v. *Anderson*, 245 Mass. 177. The sixth request, " There can be no inference drawn by the jury against this defendant because of the testimony that the defendant said nothing after Huskins stated in the presence of Vogel that he was employed by the latter," was denied rightly.

It is further contended, that the jury were erroneously instructed on the issue of liability, because there was no recognition of the doctrine of proximate cause. But no exceptions were taken to the instructions, nor was the attention of the judge called to the omission. The question is not open for the first time in this court. *Brigham* v. *Wentworth*, 11 Cush. 123, 126.

The plaintiff Mrs. Kenyon, although a married woman living with her husband, could bind herself personally for the payment of hospital expenses, and for medical attendance made necessary for the treatment of her physical sufferings caused by the defendant's negligence, and could recover the amount as damages. *Braun* v. *Bell*, 247 Mass. 437. G. L. c. 209, § 2. But there was no evidence that the bill for medical services of Dr. Brennan amounting to $383 was contracted by her individually, and at common law, if any liability exists, her husband is solely responsible. The tenth request that she could not recover the amount should have been given. *Mayhew* v. *Thayer*, 8 Gray, 172. *Jordan Marsh Co.* v. *Hedtler*, 238 Mass. 43. The error however only affects the measure of compensation. If the plaintiff Kenyon within thirty days after rescript remits the sum of $383, the entry will be exceptions overruled. If no remittitur is filed, the entry will be, exceptions sustained, the new trial to be limited to damages. The error however does not affect the plaintiff Dimick, and in his case the exceptions are overruled.

*So ordered.*