JOHN SURRETTE *vs.* LEWIS H. HAMEL.

JAMES J. CURRAN *vs.* SAME.

Essex.    December 8, 9, 1925. — December 10, 1925.

Present: RUGG, C.J., BRALEY, PIERCE, WAIT, & SANDERSON, JJ.

*Agency,* Evidence of relation, Scope of authority. *Practice, Civil,* Exceptions, Rescript, Verdict upon leave reserved.

At the trial of an action for personal injuries received in a collision with an automobile of the defendant, which was driven by his brother, an issue was, whether the brother in driving was an agent of the defendant acting within the scope of his authority. A police officer testified that he asked the defendant if his brother "was working for him and he says, he was . . . . Working for him at the time of the accident. I says: 'Do you know you had no right to hire him as he had only an operator's license?' He didn't make no reply to me. 'You are hiring him contrary to law.' . . . He made no reply to that. Well, he said he was working for him." *Held,* that a finding was warranted that the automobile at the time of the collision was being driven by the defendant's brother while employed by the defendant and acting within the scope of his employment.

This court, in sustaining an exception by the plaintiff to an order by a trial judge directing a verdict for the defendant upon leave reserved by him with the consent of the jury under G. L. c. 231, § 120, before the recording of a verdict for the plaintiff which the jury had returned, set aside the verdict entered and ordered judgment to be entered for the plaintiff in the sum of the original verdict by the jury.

TWO ACTIONS OF TORT for personal injuries sustained in a collision of two automobiles. Writs dated May 9, 1921.

In the Superior Court, the actions were tried together before *Lummus,* J. Material evidence is described in the opinion. The jury found for the plaintiffs respectively in

the sums of $2,500 and $1,500, and upon the return, but before the recording, of the verdicts, the trial judge, with the consent of the jury, reserved leave under G. L. c. 231, § 120, to enter verdicts for the defendant and afterwards ordered such verdicts. The plaintiffs alleged exceptions.

*James J. McCarthy,* (*A. F. Harrington* with him,) for the plaintiffs.

*J. P. Cleary,* for the defendant.

RUGG, C.J.   These are actions of tort wherein each of the plaintiffs seeks to recover compensation for personal injuries sustained by reason of collision between an automobile in which they were riding and another automobile driven by Herbert Hamel, a brother of the defendant. The question of law is, whether there was sufficient evidence to warrant the jury in finding that the second automobile was driven by an agent of the defendant acting within the scope of his authority. The chief of police of the town where the accident occurred testified that he had a talk with the defendant in the presence of his brother of the following tenor: "I asked Louis Hamel if Herbert was working for him and he says, he was . . . . Working for him at the time of the accident. I says: 'Do you know you had no right to hire him as he had only an operator's license?' He didn't make no reply to me. 'You are hiring him contrary to law.' . . . He made no reply to that. Well, he said he was working for him." This testimony, if believed, was sufficient to warrant an inference that the automobile at the time of the collision was being driven by his brother while employed by the defendant and acting within the scope of his authority. *Kenyon* v. *Vogel,* 250 Mass. 341. *McDonough* v. *Vozzela,* 247 Mass. 552. The cases at bar are distinguishable from decisions like *Washburn* v. *R. F. Owens Co.* 252 Mass. 47.

The exceptions are sustained. Entries of verdicts for defendant under leave reserved are set aside. The original verdicts returned by the jury are to stand. Judgment is to be entered for the plaintiff in each case for the amount found by the original verdict of the jury. *Kaminski* v. *Fournier,* 235 Mass. 51.

*So ordered.*