SOPHIE POPKIN *vs.* HARRIS GOLDMAN & another.

Plymouth.   February 5, 1929. — March 25, 1929.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & FIELD, JJ.

*Agency,* Existence of relation.   *Parent and Child.   Evidence,* Competency, Admissions.   *Practice, Civil,* Election between defendants.   *Election.*

At the trial of an action of tort against a father, his son, and the owner of an automobile alleged to have been driven by the son, for personal injuries caused by negligent operation of the automobile by the son, an issue was, whether the son was driving the automobile as agent for the father.   There was evidence that the father was the proprietor of a garage where the automobile was kept, that a younger son was injured in the garage between 8:30 and 10:15 P.M. and was admitted at a certain hospital at 10:20 P.M., and that the injury to the plaintiff occurred on a way between the hospital and the garage at 10:30 P.M. A police officer who investigated the collision, called by the plaintiff, testified that on the morning following the accident he had a talk

with the defendant son in the presence of the father respecting who drove the automobile which caused the injury to the plaintiff; that the son said to him that his father had sent him to the hospital, either to take his younger brother or to bring back his mother, the officer could not remember which, and that he was driving the car; and the officer added: "And then it was different conversation; I don't remember just what it was, between the father and son." *Held,* that

(1) The police officer's testimony was admissible against the father although it did not appear in express terms that the father remained silent on the subject matter of the son's statement: it was a reasonable inference from the testimony that he did;

(2) The evidence warranted the inference that when the plaintiff was injured the son was driving the automobile as agent or servant of his father acting within the scope of his authority;

(3) It was proper to deny a motion that a verdict be ordered for the father.

At the trial of the action above described, there also was evidence, which was controverted, that the third defendant had directed the son to drive his car on the occasion in question. At the close of the plaintiff's evidence, the defendant father moved that the plaintiff be ordered to elect one of the three defendants against whom the case should proceed, "that is, as to whether the plaintiff would proceed against the alleged servant or agent, . . . [the son] . . . or against either one of the alleged other defendants as principals." The judge ruled "that the plaintiff should elect as to whether he would proceed against . . . [the son] . . . on the one hand, or against the two remaining defendants on the other hand." The plaintiff elected to proceed against the defendants other than the son. The defendant father rested at the close of his evidence. The evidence of the third defendant then was introduced; at the close of all the evidence the defendant father moved that the plaintiff be required to elect which of the two remaining defendants he should proceed against, and that a verdict be ordered in his favor. There was no evidence that the relation of master and servant existed between the father and the third defendant. Both motions were denied. The judge instructed the jury that any evidence introduced by the third defendant had no bearing on the case of the defendant father. The jury found for the third defendant and for the plaintiff against the defendant father. *Held,* that

(1) The order of the court requiring the plaintiff to elect as between the servant or agent, the son, and the other two defendants was right;

(2) In the circumstances, and in view of the verdict for the third defendant, the defendant father suffered no harm from the denial of his motion to order the plaintiff to elect whether he should proceed against the father or the third defendant.

TORT for personal injuries against Harris Goldman, Louis Goldman, and William Derzavitcz. Writ dated December 1, 1925.

In the Superior Court, the action was tried before *Williams*, J.  Proceedings at the trial, with evidence and exceptions saved by the defendant Harris Goldman, are described in the opinion.  The statement in the record with respect to the exception of the defendant Harris Goldman to the ruling upon his motion requiring the plaintiff to elect as to the defendants was: "To the denial of the motion as moved, and to the ruling as made, the defendant Harris Goldman duly excepted."

The plaintiff discontinued as against Louis Goldman.  The jury found for the defendant Derzavitcz and for the plaintiff against Harris Goldman in the sum of $7,200.  The defendant Harris Goldman alleged exceptions.

*W. B. Keenan,* (*J. H. Cinamon* with him,) for the defendants.

*J. W. Murdock,* for the plaintiff.

FIELD, J.  This is an action of tort, against three defendants for personal injuries caused by a collision of automobiles.  It was tried before a judge of the Superior Court and a jury.  The evidence tended to show that the automobile in which the plaintiff was riding upon Albany Street, Boston, was struck and upset by an automobile which was owned by the defendant Derzavitcz and was being driven by the defendant Louis Goldman, a minor son of the defendant Harris Goldman, and that injuries to the plaintiff resulted.  There was evidence of the negligence of the defendant Louis Goldman, of the due care of the plaintiff and of the due care of the operator of the car in which the plaintiff was riding, sufficient to warrant the submission of the case against Louis Goldman to the jury.  At the close of the plaintiff's case the defendant Harris Goldman made a motion that the plaintiff be ordered to elect one of the three defendants against whom the case should proceed, "that is, as to whether the plaintiff would proceed against the alleged servant or agent, Louis Goldman, or against either one of the alleged other defendants as principals."  The judge ruled "that the plaintiff should elect as to whether she would proceed against Louis Goldman on the one hand, or against the two remaining defendants on the other hand. . . .

The plaintiff then elected to proceed against the defendants Harris Goldman and William Derzavitcz as principals." At the close of the evidence the defendant Harris Goldman moved that the plaintiff be ordered to elect which of the two defendants she would proceed against, and moved that the judge direct a verdict for him. These motions were denied. There was a verdict for the defendant Derzavitcz, and for the plaintiff against the defendant Harris Goldman. The case comes before us on the exceptions of the latter defendant.

The plaintiff introduced evidence tending to show the following facts: The defendant Louis Goldman was a minor son and the oldest child of the defendant Harris Goldman, who lived with his father as one of the family of six. He was a licensed chauffeur and had driven his father's cars and trucks for years. The father was in the express and garage business. The defendant Derzavitcz kept his automobile in the father's garage. A brother of the defendant Louis Goldman, twelve years of age, was injured in the garage at some time between 8:30 and 10:15 P.M. on May 19, 1925, and was taken to the Boston City Hospital, to which hospital he was admitted at 10:20 P.M. The collision took place on Albany Street, Boston, between the hospital and the garage of the defendant Harris Goldman at about 10:30 P.M. of the day on which the boy was injured in the garage. The police officer who investigated the collision testified as a witness for the plaintiff to a conversation which he had with the defendant Louis Goldman on the morning following the collision in the presence of the defendant Harris Goldman as to who drove the automobile which caused the injury to the plaintiff. His testimony was that the defendant Louis Goldman then said to him "that his license had been revoked. . . . And his father had sent him to the hospital either to take the kid or bring his mother back, one of the two, I don't recall just . . . which statement he said. . . . That he sent his son to the hospital to bring the baby back, I think, who was hurt in the elevator . . . Louis said; and I said to Louis in the presence of his father, 'Who was driving the car.' He said, 'I was.' And then it was different conversation; I

don't remember just what it was, between the father and son." This testimony was admitted subject to the exception of the defendant Harris Goldman. The operator of the car in which the plaintiff was riding at the time of the collision, called by her as a witness, testified that after he came out of the hospital he had a talk with the defendant Derzavitcz in regard to the collision. He described the talk as follows: "So he said, 'That must have been my car that was in the accident.' So I asked him, 'You Mr. Derzavitcz?' He said, 'Yes.' His car; and he told me that it happened was another accident at that time, and he sent the boy to take that boy to the hospital and come right back." The defendant Harris Goldman, however, testified that he carried his twelve-year-old son to the hospital in an automobile driven by one Cooper. The defendant Derzavitcz, called by the defendant Harris Goldman, testified that on the night of the collision the defendant Louis Goldman told him that an accident had happened to his brother and that he wanted to go to the hospital to see him, and that the witness told the defendant Louis Goldman to take his automobile and gave him the keys and registration. There was much conflicting testimony.

The testimony as to the conversation between the police officer and the defendant Louis Goldman, carried on in the presence of the defendant Harris Goldman, was admissible against the latter, in spite of the fact that it does not appear in express terms that he made no reply, as an admission by silence of the truth of the statements made by the defendant Louis Goldman. It was a reasonable inference from the testimony that the defendant Harris Goldman remained silent. The whole of the conversation purports to have been given. See *Proctor* v. *Old Colony Railroad,* 154 Mass. 251, 254. In other respects as well the evidence was competent. *Commonwealth* v. *Brailey,* 134 Mass. 527, 530. *Warner* v. *Fuller,* 245 Mass. 520, 528. *Kenyon* v. *Vogel,* 250 Mass. 341. *Commonwealth* v. *Helfman,* 258 Mass. 410. This testimony, if believed, considered in connection with other testimony in the case including the testimony as to the place of the collision with reference to the hospital and the garage, and the time of it with reference to the time of the injury of the twelve-year-old

son of the defendant Harris Goldman, was sufficient to warrant the inference that at the time of the collision the automobile which struck and upset the automobile in which the plaintiff was riding was being driven by the defendant Louis Goldman, as the agent or servant of his father, acting within the scope of his agency. *Bourne* v. *Whitman,* 209 Mass. 155, 172, 173. *Ouimette* v. *Harris,* 219 Mass. 466. *Dennison* v. *Swerdlove,* 250 Mass. 507. *Surrette* v. *Hamel,* 254 Mass. 171. *Cardoza* v. *Isherwood,* 258 Mass. 165. The motion that a verdict be directed for the defendant Harris Goldman was denied properly.

The plaintiff rightly was ordered to elect as between the defendant Louis Goldman, the alleged agent or servant, and the defendants Derzavitcz and Harris Goldman, the alleged principals. The defendant Derzavitcz was not liable to the plaintiff unless the defendant Louis Goldman was his agent or servant (*Phillips* v. *Gookin,* 231 Mass. 250) and the defendant Harris Goldman was not so liable unless the defendant Louis Goldman was his agent or servant. *Haskell* v. *Albiani,* 245 Mass. 233. Whatever may be the law elsewhere (see cases discussed in *Warax* v. *Cincinnati, N. O. & T. P. Railway,* 72 Fed. Rep. 637, and cases collected in Mechem on Agency, 2d ed. § 2011), it must be considered as settled here that in such a suit for negligence, when the negligence occurred in the absence of the principal or master and without his direction or subsequent adoption, the principal and agent or master and servant cannot be sued jointly. *Parsons* v. *Winchell,* 5 Cush. 592. *Mulchey* v. *Methodist Religious Society,* 125 Mass. 487. See *Feneff* v. *Boston & Maine Railroad,* 196 Mass. 575, 581. There was no evidence that the relation of principal and agent or master and servant existed between the defendant Derzavitcz and the defendant Harris Goldman, so the rule above stated does not apply to them. Whether on the other hand there was any affirmative evidence of such direct or indirect coöperation between them as would warrant a finding of joint liability (see *Feneff* v. *Boston & Maine Railroad, supra, Dickey* v. *Willis,* 215 Mass. 292; see also *Stone* v. *Dickinson,* 5 Allen, 29) need not be considered now for there has been a verdict for the de-

fendant Derzavitcz which, before judgment, corrected the misjoinder, if there was one. *Howard* v. *Central Amusement Co.* 224 Mass. 344. The defendant Harris Goldman rested his case before the defendant Derzavitcz offered his testimony, and the judge instructed the jury that any evidence introduced by the other defendant had no bearing on the case of the defendant Harris Goldman. The latter defendant therefore has suffered no harm from the denial of his motions to order the plaintiff to elect against whom she would proceed. *Howard* v. *Central Amusement Co., supra.* See also *Mulchey* v. *Methodist Religious Society, supra; Sullivan* v. *Boston Electric Light Co.* 181 Mass. 294.

*Exceptions overruled.*