BEATRICE L. BRUCE *vs.* CARL A. JOHNSON.

MARGARET A. RUSSELL *vs.* SAME.

Worcester.    September 22, 1931. — December 1, 1931.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Negligence*, Gross, Motor vehicle, In use of way.    *Practice, Civil*, Requests, rulings and instructions.

A motion that a verdict be ordered for the defendant properly was denied at the trial of an action against the driver of a motor truck by one invited by him to ride therein for personal injuries alleged to have been caused by gross negligence on his part, where there was evidence that the defendant in January was driving the truck on a slippery road and was not using chains although supplied with them by his employer; that several times the plaintiff asked him not to drive so fast; that when approaching an abrupt, sharp curve at the rate of fifty-five miles per hour, he again was urged by the plaintiff not to go so fast; that, letting go of the steering wheel and raising both hands from it, he said, "A little accident won't hurt you"; and that the truck got beyond his control, ran into a tree by the roadside, and was so badly damaged as not to be worth repairing; and that all of its occupants were injured.

Two ACTIONS OF TORT for personal injuries. Writs dated March 13, 1929.

The actions were tried together before *Hall*, C.J., with actions by the same plaintiffs against the defendant's employer. (See *Bruce* v. *Hanks, ante,* 268.) Material evidence is stated in the opinion. There were verdicts for the plaintiffs, respectively, in the sums of $7,500 and $1,375. The defendant alleged exceptions.

*S. M. Salny,* (*E. W. Baker* with him,) for the defendant.

*M. Michelson,* (*J. B. Hayes* with him,) for the plaintiffs.

RUGG, C.J. Each of these cases was submitted to the jury on a count charging the defendant with having caused to the plaintiff personal injuries through his gross negligence. The plaintiffs were riding within the cab of a loaded milk truck as guests of the defendant, the driver but not the owner of the truck. There was evidence tending to show these facts: The road was in a slippery condition on a January morning. The defendant although supplied with chains for the truck did not use them. Twice one of the plaintiffs asked the defendant not to drive so fast and he then slackened speed a little but soon increased it again. A third time, as he was approaching an "abrupt," "very sharp . . . curve" and going about fifty-five miles an hour one of the plaintiffs said to the defendant: "Please don't go so fast, my sister and I are scared . . . we were nearly in an accident last night." The defendant let go the wheel, raising both hands from it, and said, "A little accident won't hurt you." The truck got beyond the control of the defendant, ran into a tree by the roadside, and was so badly damaged as not to be worth repairing. All of its occupants were injured. There was no other traffic in the immediate vicinity, the only vehicle anywhere near being another milk truck, variously estimated at from two hundred to five hundred feet ahead, going in the same direction. The credibility of this evidence was for the jury. If it was believed, no discussion is required to demonstrate that the defendant might have been found grossly negligent within the definition in *Altman* v. *Aronson,* 231 Mass. 588. The case at bar falls within the class illustrated by *Manning* v. *Simpson,* 261 Mass. 494, *Blood* v. *Adams,* 269 Mass. 480, *Kirby* v. *Keating,* 271 Mass. 390, *Logan* v.

*Reardon,* 274 Mass. 83, and *Smiddy* v. *O'Neil, ante,* 36. The cases were submitted to the jury rightly.

There was no error in denying the defendant's request for ruling to the effect that in order to constitute gross negligence it must be found that the defendant took his hands off the steering wheel and that this was a direct or contributing cause to the accident. The charge amply and accurately covered the subject. The trial judge was not required to single out a fragment of the evidence, not decisive as matter of law, and deal with it by itself. *Ayers* v. *Ratshesky,* 213 Mass. 589, 593. *Claffey* v. *Fenelon,* 263 Mass. 427, 432. *Browning-Drake Corp.* v. *AmerTran Sales Co.* 274 Mass. 545, 550.

The cases at bar were tried with other cases wherein the plaintiffs sought recovery for the same injuries from the owner of the truck, in whose employ the defendant was at the time of the accident. The defendant moved at the close of the evidence that the plaintiffs be required to elect whether to proceed against the employer or his servant, the defendant. See in this connection *Parsons* v. *Winchell,* 5 Cush. 592; *Kingsley* v. *Davis,* 104 Mass. 178, 180; *Weil* v. *Raymond,* 142 Mass. 206, 213; *Marsch* v. *Southern New England Railroad,* 230 Mass. 483, 499; *McNamara* v. *Chapman,* 81 N. H. 169, 174, 176. It is not necessary to decide whether such election ought to be ordered in cases of this nature, for the reason that verdicts were ordered "for the defendant" by the trial judge in the cases against the employer of the defendant and exceptions to that ruling have been overruled. *Bruce* v. *Hanks, ante,* 268. In any event no harm has come to the defendant. *Howard* v. *Central Amusement Co.* 224 Mass. 344, 347. *Popkin* v. *Goldman,* 266 Mass. 531, 536, 537.

*Exceptions overruled.*