EMMA R. JENKS & another, administratrices with the will annexed, *vs.* JOHN LANG.

Plymouth.   November 8, 1937. — February 28, 1939.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & DOLAN, JJ.

*Executor and Administrator*, Accounts, Claims against estate. *Husband and Wife.*

A husband who was executor of his wife's will was not entitled to charge her estate in his account for sums paid by him before her death for necessary medical services rendered her in her last illness.

PETITION, filed in the Probate Court for the county of Plymouth on June 29, 1936, for the allowance of an account.

The petitioners appealed from a decree by *Poland*, J.

*M. Collingwood*, for the petitioners, submitted a brief.

*M. Z. Kolodny*, for the respondent.

DONAHUE, J.   This is an appeal from a decree of a probate court disallowing certain items of payment in an account filed by the administratrices with will annexed of the estate of Jacob Reidenbach, as the final account of Jacob Reidenbach as executor of the will of his wife Katherina Reidenbach.   The items in question charge the estate of Katherina with the amounts of various payments made by Jacob for hospital services, nursing, medicine and medical attendance furnished Katherina during a prolonged illness preceding her death.

The facts here recited appear in a finding of material facts filed by the judge.   Jacob and Katherina owned as tenants in common a parcel of real estate, which, within the period of her last illness, was sold by them for $10,000. Jacob with his wife's consent received the purchase price and deposited it in his own general account and then invested it.   Katherina left a will giving the use of her estate to her husband for life and upon his death to her nephews and nieces.   After her death the nieces and nephews

brought a petition in equity in the Probate Court for an accounting. At a hearing on the petition Jacob contended in substance that there were no assets in Katherina's estate and that she had made a gift to him of her interest in the moneys received on the sale of the real estate. It does not appear that Jacob there asserted any right to reimbursement out of those moneys for expenditures made by him incident to his wife's illness. The judge found that Katherina did not make a gift to Jacob of her interest in the proceeds of the sale of the real estate and that she at the time of her death was the owner of a one-half interest with Jacob in the securities in which he had invested the proceeds of the sale. A decree was entered which directed that "one half part of the several securities representing the sum received from the sale of the real estate . . . be accounted for as a part of the estate" of Katherina. No appeal was taken from this decree.

The account filed by the administratrices of Jacob's will credited to the estate of Katherina in schedule A "Amounts . . . Advanced by Jacob Reidenbach. 5000" dollars and charged against her estate in schedule B under the subheading "Disbursements made on account of decedent," twelve items aggregating $4,377 which represented payments made by Jacob for hospital services, nursing and medical attendance furnished during her illness.

The description, in the account, of the credit of $5,000 as an amount "Advanced" by Jacob is inaccurate. The accounting for that amount was made compulsory by the decree entered on the petition in equity. There is, in the record, nothing to show that Katherina authorized the application by her husband of the fund in his hands belonging to her to the payment of the expenses incident to her illness, or that he in fact paid those expenses from the fund, or that she had obligated herself to pay such expenses.

By reason of the marriage relation existing between Jacob and Katherina he, in the circumstances appearing, became legally liable for necessary and reasonable hospital

services, nursing, medicine and medical attendance furnished to Katherina. *Thibeault* v. *Poole*, 283 Mass. 480, 484. *Cassidy* v. *Constantine*, 269 Mass. 56, 58. *Kenyon* v. *Vogel*, 250 Mass. 341, 344. *Braun* v. *Bell*, 247 Mass. 437, 440. Jacob paid the bills for those services and thus discharged an obligation which the law put upon him. The payment was made before his wife's death. His wife "was under no legal obligation to reimburse her husband for the payment made in liquidation of his own pecuniary obligations" and the persons to whom the debts were paid had no unsatisfied claims against her estate to which he or his estate could be subrogated. *Hayes* v. *Gill*, 226 Mass. 388, 391.

*Decree affirmed.*