## Albert Einstein Medical Center v. Gold et ux.

*Edward E. Russell,* for plaintiff.
*Howard Shotel,* for defendants.

GREENBERG, J., August 27, 1974.—The matter before us is yet another example of the impact of the Equal Rights Amendment upon the lives of all citizens of the Commonwealth\* and, once again, demonstrates that those who seek to expand the equal rights concept must be prepared to accept the burdens as well as the benefits of such expansion.

Codefendant, Bessie Gold, raised preliminary objections in which she maintained that plaintiff, Albert Einstein Medical Center, had failed to set forth a cause of action against her as to her legal responsibility for the medical expenses of her husband. Plaintiff commenced this action by filing a complaint in assumpsit on September 27, 1973, alleging that defendant-husband, Charles Gold, had entered plaintiff hospital

---

\* Pennsylvania Constitution art. I, sec. 27, provides:

"Prohibition against denial or abridgment of equality of rights because of sex. Equality of rights under the law shall not be denied or abridged in the Commonwealth of Pennsylvania because of the sex of the individual."

for the purpose of medical treatment, that he received said treatment and that upon plaintiff's demand for payment, neither codefendants Charles Gold nor his wife, Bessie Gold, paid the whole or any part of the $724.50 balance due.

The issue raised in this matter is: May a wife now be held liable for the cost of medical services provided to her husband?

Prior to 1971 in Pennsylvania, the legal and moral responsibility of providing for the necessaries of the *wife* fell principally upon the *husband:* In re Mogus, 73 F. Supp. 150 (1947); Moorehead's Estate, 289 Pa. 542 (1927). One such necessity for which a husband was liable was medical services rendered to his wife: Waesch Estate, 166 Pa. 204 (1895). Since a wife, who purchased necessaries, was presumed to be acting as her husband's agent, her separate estate could not be attached to meet medical expenses for herself or her family unless the creditor could show that the services had been given at her request and upon her credit: Dublino v. Natale, 118 Pa. Superior Ct. 301 (1935); Sawtelle's Appeal, 84 Pa. 306 (1877).

However, with the passage of the Equal Rights Amendment, which is addressed to all citizens of the Commonwealth, the general law as to rights and legal responsibilities of men and women has changed. For just as rights may be extended, so legal responsibilities may accrue.

Plaintiff contends that because the Equal Rights Amendment made sex an impermissible criteria upon which to determine the rights and duties of citizens of this State, codefendant, Bessie Gold, should be held to the same degree of liability for the medical expenses of her husband, as, ordinarily, he would have been held to if the situation had been reversed. In the case

of Conway v. Dana, 456 Pa. 536, 318 A.2d 324 (1974), page 539, the Supreme Court of Pennsylvania examined the issue of extending a particular legal responsibility to women, i.e., that of support of minor children, that had long been considered the primary duty of men. In that case, the court held that the presumption must no longer be followed "that the father, solely because of his sex and without regard to *the actual circumstances of the parties,* must accept the principal burden of financial support of minor children. . . . Such a presumption is clearly a vestige of the past and incompatible with the present recognition of equality of the sexes. The law must not be reluctant to remain abreast with the developments of society and should unhesitatingly disregard former doctrines that embody concepts that have since been discredited." (Italics supplied.)

The case at bar closely parallels the situation as presented in Conway, supra, as regards the legal responsibilities of the husband and wife. In the instant case, rather than support of children, it is liability for the medical expenses of a spouse which had long been presumed to be principally the burden of a husband. The Supreme Court of Pennsylvania in Conway clearly stated that presumptions such as these can no longer be followed; in effect, that the distinction between the responsibilities of men and women with respect to certain obligations is no longer effective.

Since this now invalid distinction formed the main thrust of defendant's preliminary objections, same must be overruled.

This is not to say that defendant's wife is automatically liable for the amount of the bill. There may be other factual and legal reasons why plaintiff should not recover, and we do not mean to preclude defendant from making such contentions. We do hold she

350

cannot assert as a defense that a wife is not legally responsible for medical expenses incurred by her husband. Accordingly, we enter the following

## ORDER

And now, August 27, 1974, the preliminary objections of defendant, Bessie Gold, to the complaint are overruled and defendants shall file an answer to the complaint within 20 days from the date hereof.