Umana, J.
This is a civil action in which the plaintiff hospital seeks to recover $4,249.28 from the defendant for medical services rendered by the plaintiff to Rita Klosterman, the deceased wife of the defendant, at the Peter Bent Brigham Hospital, which is operated by the plaintiff. The defendant denies any liability to the plaintiff.
At the trial, the only witness was Mrs. Dorothy M. Lynch, Credit Officer for the plaintiff and the person in charge of the hospital’s records. The plaintiff put into evidence hospital records maintained by the plaintiff in the usual course of its business, which showed that Rita Klosterman was an inpatient at the Peter Bent Brigham Hospital on three occasions: September 30, 1976 to Ocotober 15, 1976; December 10, 1976 to January 8, 1977; and January 17, 1977 to January 24, 1977.
The defendant was employed by the P.R. Mallory Company of Burlington, Mas-sachsuetts, and that company carried an insurance policy with the Liberty Mutual Insurance Company providing for payment of benefits under a group health policy covering hospital services rendered therein for defendant and his dependent wife, Rita Klosterman. Under the insurance policy, it was necessary for the employee husband to authorize payment of benefits, and defendant did authorize Liberty Mutual Insurance Company to make payments under said policy in the sum of $16,977.14 for hospital services rendered therein to Rita Klosterman.
A business record was admitted, except that the trial judge, on objection by defendant, excluded that portion which appeared after the caption ‘ ‘Authorization to Pay Insurance Benefits”, there being no proof that the signature was that of the defendant.
The total hospital bill was $21,246.42. The balance, after payments by the insurance company, was $4,249.28. The trial justice found the defendant liable for that amount.
The findings of fact made by the justice were as follows: that the defendant was married to Rita Klosterman during the period in which plaintiff rendered medical and hospital services to her; that the defendant had knowledge of the services and consented to the plaintiffs rendering them; that the medical and hospital services, including room and board, were necessary; and that the charge for such services, including room and board, were fair and reasonable. The parties stipulated that the services provided by plaintiff to Rita Klosterman were required by her.
The defendant claims to be aggrieved by the refusal of the trial judge to allow defendant’s requests for rulings numbered #1 and #4.
Request #1 reads: “The evidence does not warrant a finding that the defendant ever made an express promise to pay any amount to the plaintiff for services rendered by the plaintiff to Rita Klosterman.”
*123 The trial judge ruled: ‘ ‘Inapplicable in view of the court’s findings of fact. See court’s findings of fact.”
Request #4 reads: ‘ ‘The fact that the defendant was married to Rita Klosterman at the time that hospital services were rendered to her by the plaintiff is not a sufficient basis for holding the defendant liable to the plaintiff for the value of such services.”
The trial judge ruled: ‘ ‘Inapplicable in view of the court’s findings of fact. See court’s findings of fact.”
It is apparent from the findings of fact that the trial judge concluded that the defendant was liable under the common law doctrine of a husband being liable for “necessaries” provided to his wife as a matter of law, or some modification of that doctrine, so that it was irrelevant whether or not the defendant had made an express agreement to pay for the services rendered to his wife. The findings apparently set forth facts under which the defendant would be liable under such a common law doctrine of ‘ ‘necessaries, ’ ’ and the trial justice expressly found that the hospital and medical services, as well as room and board at the hospital, were “necessary.”
The defendant’s chief argument is that both the equal protection clause of the 14th Amendment to the United States Constitution and Article 106 of the Articles of Amendment to the Constitution of the Commonwealth, which was approved November 2, 1976, have in effect abrogated the common law doctrine of the husband being liable for necessaries being furnished to his spouse because under that doctrine there was no reciprocal obligation on her part.[1] It must be noted that on November 13, 1979, Chapter 727 of the Acts of 1979, amended Section 1 of Chapter 209 of the General Laws of the Commonwealth to provide that:
“Both spouses shall be liable jointly or severally for debts incurred on account of necessaries furnished to either spouse or to a member of their family.” Thus, the gender-based discrimination of the doctrine of “necessaries” no longer will exist in Massachusetts. But the question remains as to whether that doctrine was applicable during the period between late 1976 and early 1977 when these hospital bills were incurred. The answer to that query depends upon whether the continuing vitality of the common law doctrine survived recent United States Supreme Court concepts of the 14th Amendment regarding sex discrimination and the 1976 Massachusetts Equal Rights Amendment.
The common law doctrine of “necessaries” arose from the ancillary duty of a husband to supply his wife’s necessaries, and this duty was based on the marital relationship itself, independent of any contractual obligation. Jenks v. Lang, 302 Mass. 409 (1939); Lombard, Family Law, Mass. Practice, Vol. 2A § 1872 (1967). It allowed a third party to collect from the husband the cost of the necessary goods or services provided to the wife on credit. The doctrine was one of a number of remedies devised by the common law to enforce the husband’s duty to support his wife. H. Clark, The Law of Domestic Relations in the United States, 189-92 (1968).
In recent years, both the United State Supreme Court and Massachusetts Supreme Judicial Court have been compelled to deal with sex-based discrimination claimed to be violative of constitutional provisions. See Orr v. Orr, 440 U.S. 268; Craig v. Boren, 429 U.S. 190; Attorney General v. Mass Interscholastic Athletic Association, Inc., Mass. Adv. Sh. 1584 (1974); Commonwealth v. King, 374 Mass. 5 (1977).
In Stanton v. Stanton, 421 U. S. 7 (1975), the U. S. Supreme Court held invalid a Utah statute which established different ages of majority for males and females.
In Orrv. Orr, Cited supra, the U.S. Supreme Court held unconstitutional an Alabama statute which provided that husbands, but not wives, could be required to pay alimony in *124 divorce cases. In Jersey Shore Medical Center v. Baum, 84 N.J. 137 (1980), the New Jersey Supreme Court observed, in holding that its necessaries doctrine violated the •Equal Protection Clause: ‘ ‘The common law rule imposing liability on husbands, but not wives, is an anacronism that no longer fits contemporary society.” Thus, this appellate division finds that the common law necessaries doctrine, predicating liability upon a sex-based classification during the period of 1976 to 1979 was violative of the Equal Rights Amendment to the Massachusetts Constitution.
The finding of a constitutional infirmity, however, is not dispositive of this case. The next query is whether the obligation of one spouse to pay for necessaries supplied to the other should have been nullified or imposed on both during that period of three years. Alternative gender-neutral remedies are possible, but to try to equalize the burdens on the sexes by relieving husbands of their common law duty to pay for necessaries would amount to promoting equality with a vengeance.
In the area of maintenance and support, the Massachusetts Legislature in 1974 amended M.G. L. c. 208, § 34 by providing that a court could grant alimony to either party.[2] We interpret this statute, which was in effect at the time the present action arose, to amount to a recognition that the male partner may in some cases be unable to fund his necessary hospital expenses and thus to amount to a reciprocal obligation on both spouses.
In Pennsylvania, which has adopted an equal rights amendment, one court has held that a wife may be liable for her husband’s last illness expenses. Albert Einstein Medical Center v. Gold, 66 Pa. D. & C. 2d 347 (C.P. 1974). This appellate division believes that adopting the concept that the duty of paying for necessaries between spouses was reciprocal and complementary would be considered better public policy and in accord with other statutory schemes and case law at the time of the present cause of action. This policy also would have had the additional beneficial effect of meeting the reasonable expectation of third parties which extended medical services to either spouse.
This view can also be supported by a partnership view of marriage. See Jersey Shore Medical v. Baum, cited supra, where it was held that if the financial resources of the spouse who incurred the necessary expenses are insufficient, a creditor should have recourse to the property of both spouses. This partnership view has inherent logic to it as it pertains to the expectations of third parties.
The trial justice was correct in his rulings on Requests numbered #1 and #4. The report is hereby dismissed.

 Article 106 of the Articles of Amendment to the Constitution of the Commonwealth, amending Part 1, Article I, added the following provision: “Equality under the law shall not be denied or abridged because of sex, race, color, creed or national origin.”

 This statute was further amended in 1977.