Sweeney, Constance M., J.
On July 18, 2008, the plaintiff, East Longmeadow Management Systems, Inc., doing business as East Longmeadow Skilled Nursing Center (the Nursing Home), filed a complaint to recover payment from the defendant, Judith S. Wilson, formerly known as Judith Anne Skipton (Judith), for necessary services provided to her late husband, Robert S. Wilson (Robert). The matter is now before the Court on the Nursing Home’s motion for summary judgment and Judith’s cross motion for summary judgment. For the following reasons, the Nursing Home’s motion for summary judgment is ALLOWED in part, as to liability, and Judith’s cross motion for summary judgment is DENIED.
BACKGROUND
The following facts are undisputed.
Robert resided at the Nursing Home and received necessary care and services there from July 2, 2006, until his death, on August 7, 2007. These services were provided with Judith’s knowledge and consent. Judith did not sign a contract or agreement accepting financial responsibility for services rendered to Robert. After Robert’s death, the Nursing Home sent Judith a bill, with a balance due of $45,243.24, for the services provided to Robert. Judith has refused to pay the bill. Robert’s estate is devoid of assets.
Judith owns and lives at property located at 459 Forest Hills Road in Springfield (the home). Judith has owned the home, solely in her name, since 1964. Robert never had a property interest in the home.
DISCUSSION
1. Statutory Provisions on Spousal Liability for Necessaries
Seemingly contradictory statutory provisions are at the core of the present dispute over whether Judith’s property is subject to attachment on the basis of spousal liability for necessaries furnished to Robert prior to his death. A husband’s liability for necessaries furnished to his wife is well established in the Commonwealth. E.g., Jenks v. Lang, 302 Mass. 409 (1939). General Laws c. 209, §1, as amended through St. 1979, c. 727, explicitly expanded this common-law standard and imposed liability for necessaries on both spouses, providing, in pertinent part, that “. . . both spouses shall be liable jointly or severally for debts incurred on account of necessaries furnished to either spouse . . ,”[1] However, G.L.c. 209, §7, as amended through St. 1974, c. 147, §1, provides that “[a] married woman shall not be liable for her husband’s debts, nor shall her property be liable to be taken on an execution against him. But a married woman shall be liable jointly with her husband for debts due, to the amount of one hundred dollars in each case, for necessaries furnished with her knowledge or consent to herself or her family, if she has property to the amount of two thousand dollars or more.’’Thus, §1 imposes joint and several liability on either spouse for necessaries furnished to the other spouse, without limitation, while §7 limits a wife’s liability in such circumstances to one hundred dollars.
Pursuant to basic tenets of statutory construction, when statutes or provisions within a statute appear to conflict, the statute should “be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous.” Wolfe v. Gormally, 440 Mass. 699, 704 (2004) (internal quotations omitted). Furthermore, this Court must endeavor to read the statute in question as “an effectual piece of legislation in harmony with common sense and sound reason.” See id.
“When a new provision conflicts with a prior statute, the new provision, as the last expression of the Legislature, controls.” Doe v. Attorney Gen., 425 Mass. 210, 215 (1997). In addition to recency, the Court considers the relative specificity of the provisions, as a more specific provision will generally prevail over a more general provision, unless the more general provision was “enacted to provide a comprehensive coverage of the subject area.” Boston Hous. Auth. v. Labor Relations Comm’n, 398 Mass. 715, 718-19 (1986). Assessing these considerations is not a simplistic exercise, and “(r)ather than mechanically applying the concept that the more ‘recent’ or more ‘specific’ statute (whichever one that is) trumps the other, [courts] should endeavor to harmonize the two statutes so that *514 the policies underlying both may be honored.” Commonwealth v. Harris, 443 Mass. 714, 725 (2005).
This focus on harmonization is consistent with the well established principle that “(i]mplied repeal of a statute is disfavored.” Id. However, where two statutory provisions are so repugnant to and inconsistent with each other that both cannot stand, the doctrine of implied repeal may be applicable. Emerson College v. City of Boston, 393 Mass. 303 (1984).
Of the statutory provisions at issue here, § 1 represents the more recent legislative enactment. Section 1 was rewritten by the 1979 amendment, when the language regarding joint and several spousal liability for necessaries was added. In contrast, while §7 was amended in 1974, the amendment only deleted a reference to a repealed section, and the basic language of the provision has remained unchanged since 1910. G.L.c. 209, §7, as previously amended through St. 1910, c. 576. Furthermore, the narrow scope and applicability of §1, along with the comprehensive and unequivocal language establishing joint and several liability on both spouses, absent any limitation based on sex, renders any suggestion that §7 should control based on greater specificity untenable. The common-law standard for spousal liability for necessaries applied only to husbands, e.g. Jenks, 302 Mass. 409, and thus excepting a wife from the statutory mandate extending such liability to both spouses would essentially render the statutory enactment ineffective, and would be inconsistent with common sense and sound reason. Therefore, the Court must conclude that these two statutory provisions are repugnant to and inconsistent with each other and cannot be harmonized, and that the 1979 amendment to § 1 impliedly repealed §7. Accord Pioneer Valley Federal Credit Union v. Soja, 2002 Mass.App.Div. 193, 195.
This conclusion is buttressed by the fact that the limitation on a wife’s liability for necessaries set forth in §7 is inconsistent not only with §1, but also with art. 1 of the Massachusetts Declaration of Rights, as amended by art. 106 of the Amendments, which provides that “(e)quality under the law shall not be denied or abridged because of sex . . .” Section 7 clearly sets forth a separate and limited standard of liability for a wife in regards to necessaries furnished to a spouse. “In light of the equal protection jurisprudence mandated by art. 1 of the Massachusetts Declaration of Rights, as amended by art. 106 of the Amendments,” Commonwealth v. Alfonso, 449 Mass. 738, 745 (2007), this Court cannot apply §7 so as to create inequality-under the law on the basis of sex. See id., citing Commonwealth v. King, 374 Mass. 5, 20-22 (1977).
2. Summary Judgment
Summary judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Mass.R.Civ.P. 56(c); see Cassesso v. Commissioner of Corr., 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue and that the summary judgment record entitles the moving party to judgment as amatter oflaw. Pederson v. Time Inc., 404 Mass. 14, 16-17 (1989).
Based upon the undisputed facts and the determination that §1, rather than §7, is controlling, the Court concludes that, as a matter oflaw, Judith can be held liable for the full cost of necessaries furnished to Robert prior to his death. Material facts remain in dispute as to the expenses owed and on the issue of possible insurance coverage for those expenses, so the Court will not award summary judgment on those matters.
ORDER
For the reasons stated, the Plaintiffs Motion for Summary Judgment is ALLOWED in part, as to liability, and the Defendant’s Cross Motion for Summary Judgment is DENIED.

This provision follows language relating to protection of a nondebtor spouse’s interest in property held as tenants by the entirety, which is not applicable here, because Judith owned the home and Robert had no property interest in it.