Curran, Dennis J., J.
Emerson Village, LLC, a nursing home, has brought an action to recover money from Prusta Jode for nearly two years of nursing home services it provided to her late husband, Milfranciu Jode. The matter is now before the court on Emerson Village’s motion for summary judgment as to Mrs. Jode’s liability under G.L.c. 209, §1.
*496 For the following reasons, Emerson Village’s motion for summary judgment is ALLOWED on the issue of Mrs. Jode’s liability, but DENIED as to the amount of damages, which is reserved for juiy determination.
BACKGROUND
The summaiy judgment record, viewed in the light most favorable to Mrs. Jode as the non-moving party, reveals the following facts.
On April 24, 2010, Mr. Jode was admitted to Emerson Village, a nursing home in Watertown, Massachusetts. He had just been discharged from the Massachusetts General Hospital; he was 72 years old.
From April 24, 2010, to June 8, 2010, Tufts Health Plan paid for the services that Mr. Jode received at Emerson Village. After his coverage ended, Mr. Jode became a private paying resident, with his rate set at $350 per day. That rate included a single private room, board, nursing care services, and full daily living and social activities. Mr. Jode applied for MassHealth benefits to cover his nursing home expenses.[1] On July 7, 2010, MassHealth denied his application because he had failed to provide the information necessary to determine eligibility. On October 25, 2010, MassHealth denied Mr. Jode’s application because he had again failed to furnish certain bank statements, real estate information, and life insurance policies. On December 16, 2011, MassHealth, a third time, informed Mr. Jode that it had denied his application because he had failed to submit verifications of his long-term nursing care, bank statements, deposit and withdrawal information, property tax bills, homeowner’s insurance policy, a valuation of his real property, and his life insurance policy. In short, neither Mr. nor Mrs. Jode ever submitted the necessary documents so that MassHealth could determine his benefit eligibility.
Mr. Jode died on March 24, 2012. From June 9, 2010 until his death on March 24, 2012, that is, for about 22 months, Emerson Village furnished nursing home services to Mr. Jode. It has sought, and presently seeks, to be paid for those services from Mrs. Jode, who was married to him at all relevant times.
DISCUSSION
Under the established standard, summaiy judgment will be granted where, viewing the evidence in the light most favorable to the non-moving party, all material facts have been established, and the moving party is entitled to judgment as a matter of law. Mass.R.Civ.P. 56(c); Cabot Corp. v. AVX Corp., 448 Mass. 629, 636-37 (2007). To prevail on its summaiy judgment motion, the moving party must affirmatively demonstrate the absence of a triable issue, and that the summaiy judgment record entitles it to ajudgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). If the moving party establishes the absence of a triable issue, the opposing party must respond by setting forth specific facts showing that there is a genuine issue for trial. Kourouvacilis v. General Motors Corp., 410 Mass 706, 714 (1991).
Relying upon G.L.c. 209, §1, Emerson Village contends that it is entitled to judgment as a matter of law that Mrs. Jode is liable for the full cost of nursing home services it furnished to Mr. Jode from June 9, 2010 through March 24, 2012. General Laws c. 209, §1, provides, in relevant part, that “both spouses shall be liable jointly or severally for debts incurred on account of necessaries furnished to either spouse or to a member of their family.” Mrs. Jode does not dispute that Emerson Village provided nursing home services to her husband, but now disagrees — after his death— that all of the services provided constituted necessaries for which she is statutorily liable.
General Laws c. 209, §1 expands upon the common-law doctrine of necessaries. Under the historical doctrine, if a husband refused to supply his wife with necessaries, the wife was authorized to purchase them on the husband’s credit, making him liable to the creditor for their costs. 1 H. Clark, The Law of Domestic Relations in the United States §7.3, at 444-45 (1968).[2] This common-law doctrine provided a “mechanism by which the duty of support could be enforced.” Bartrom v. Adjustment Bureau, Inc., 618 N.E.2d 1, 3 (Ind. 1993).
In more recent times, however, most states have expanded the traditional doctrine of necessaries (either in statutoiy or common-law form) by providing that either spouse may be potentially liable for the cost of necessaries furnished to the other spouse. See Queen’s Med. Center v. Kagawa, 88 Haw. 489, 499 n.16 (1998); N.C. Baptist Hosp., Inc. v. Harris, 319 N.C. 347, 351 (1987); 41 Am. Jur., Husband & Wife, §165, at 150-51 (2d.ed. 2005). In some of these states, the law only allows for the financially superior spouse to be held secondarily liable, and only for the amount that this spouse had the ability to pay at the time that the debts were incurred. See e.g., Bartrom at 8.
Massachusetts law, however, is different. Our legislature has not placed any such financial restrictions on liability; instead, G.L.c. 209, §1 renders both spouses fully liable for the costs of necessaries furnished to either spouse.
Accordingly, Mrs. Jode is liable for the costs of services that Emerson Village furnished to her husband if these services constituted “necessaries.” General Laws c. 209, §1, does not define the term “necessaries,” but the Supreme Judicial Court has stated, when discussing the common-law doctrine, that the term is “not confined to articles of food or clothing required to sustain life, but has a much broader meaning and includes such articles for use by a wife as are suitable to maintain her according to the property and condition in life of her husband.” Jordan Marsh Co. v. Cohen, 242 Mass. 245, 249 (1922). Black’s Law Dictionaiy similarly defines the term as “food, drink, clothing, medical attention, and a suit *497 able place of residence,” and adds that “liability for necessaries is not limited to articles required to sustain life; it extends to articles which would ordinarily be necessary and suitable, in view of the rank, position, fortune, earning capacity, and mode of living of the individual involved.” Black’s Law Dictionary 1029 (6th. ed. 1990).
Mrs. Jode now disputes whether all the services provided to her husband were necessaries. Whether certain services or articles constitute “necessaries” may be a question of fact if the nature of these articles is disputed. See Pioneer Valley Fed. Credit Union v. Soja, 2002 Mass.App.Div. 193, 2002 WL 31487763, at *1 (2002) (question of fact as to whether funds were borrowed for their stated purpose and whether these stated purposes constituted necessaries). Where there is no genuine issue as to the types of services provided, however, this court is entitled to enter judgment as a matter of law that those services constituted “necessaries” as the term is defined. See Jenks v. Lang, 302 Mass. 409, 410-11 (1939) (husband liable for “necessary and reasonable hospital services, nursing, medicine and medical attendance furnished to [wife]” by virtue of their marital relationship); Mediplex of Mass., Inc. v Donovan, 1994 Mass.App.Div. 123, 1994 WL 361967, at *2 (1994) (proviso regarding spousal liability for necessaries in G.L.c. 209, §1, “maybe construed as imposing a statutory duty upon [wife] to render payment for the nursing home care furnished to her husband by the plaintiff’). Here, Emerson Village has demonstrated that it provided “necessaries” to Mr. Jode before his death. Necessaries include not only food, clothing, shelter, and medical care, but also “articles which would ordinarily be necessary and suitable” with respect to the individual involved, based on his or her condition in life. Black’s Law Dictionary at 1029. Mr. Jode was seventy-two years old, lived at the nursing home, and was afforded a full range of nursing, rehabilitation, and support staff services. However, the issue of exactly what services constituted necessaries and the valuation of those services is a disputed factual issue. Accordingly, Emerson Village is entitled to judgment as a matter of law that Mrs. Jode is liable for the monies that the nursing home expended in furnishing necessaries to Mr. Jode;[3] but the issue of what services constituted necessaries and their value must be determined by a fact finder.
ORDER
For these reasons, Emerson Village, LLC’s motion for summary judgment is ALLOWED in part as to Prusta Jode’s liability under G.L.c. 209, §1; however, the valuation of “necessaries” shall be determined by a jury, and a Trial Order has been issued to that effect.

 “MassHealth is a cooperative Federal and State undertaking that provides payment for medical services to eligible individuals and families who are unable to pay for their own medical care." Shelales v. Director of the Office of Medicaid, 75 Mass.App.Ct. 636, 637-38 (2009). See also Forman v. Director of the Office of Medicaid, 79 Mass.App.Ct. 218, 221-22 (2011); 130 Code Mass.Regs. §515.002(A).

 The Supreme Judicial Court stated more than eighty years ago: “[m]arriage imposes on the husband the general legal duty of supporting his wife; and if he neglects or refuses to supply her with what is necessary for decency and comfort in his condition in life, he is liable to third persons who furnish her with such necessaries.” Jordan Marsh Co. v. Hedtler, 238 Mass. 43, 45 (1921).

 While not raised by the parties, the court notes that G.L.c. 209, §1, conflicts with G.L.c. 209, §7, which limits a marrted woman’s liabiliiy in circumstances involving necessaries to $100. For the reasons set forth in East Longmeadow Mgmt. Sys.,Inc. v. Wilson, 26 Mass. L. Rptr. 513, 2000WL 35790097 at *l-*2, and Pioneer Valley Postal Fed. Credit Union, 2002 WL 31487763 at *2, supra, this court agrees that these two statutory provisions are repugnant to and inconsistent with each other and cannot be harmonized, and that the 1979 amendment of G.L.c. 209, §1, impliedly repealed G.L.c. 209, §7.